Merrimack, }
June 5, 1906. }

CHASE, *Ex'r*, *v.* MOORE *& a.*

Under a will devising to a brother of the testatrix all her real estate and bequeathing to him all personal property on the premises, "but not including money, notes, bonds, or other securities," he does not take the proceeds of a sale of the realty by her subsequent to the date of the will.

A bequest of all the personalty located upon designated real estate is not adeemed by a subsequent removal and storage of the goods by the testatrix, when the nature of the property, the relations of the parties, and the general purpose of the will are clearly indicative of a contrary intent.

BILL IN EQUITY, by an executor, for instructions as to certain questions arising under the will. Transferred from the October term, 1905, of the superior court by *Pike*, J., upon an agreed statement of facts.

By the second clause of her will, Vianna A. Connor of Hopkinton devised to her brother, Jerome B. Connor, all her "real estate wherever situated," and bequeathed to him all her "personal property in the house on said real estate and on said premises (but not including money, notes, bonds, or other securities)," and all her clothing and jewelry, wherever found. By the third clause, she bequeathed and devised all the residue of her property, " whether real, personal, or mixed, and wherever situated," to her executor, in trust to pay Jerome from the income, or from the principal if the income should be insufficient, $2,000 a year in monthly instalments during the latter's life. By the fourth and fifth clauses, she disposed of this residuary fund at Jerome's death by directing the payment therefrom of certain pecuniary legacies aggregating $6,100 and bequeathing the remainder in equal shares to three residuary legatees.

At the date of the will, November 10, 1902, the testatrix owned real estate in Hopkinton, which had long been occupied by herself and Jerome as their home, and also a considerable quantity of household furniture and other personal property in the buildings. Jerome was then in feeble health and largely dependent on her for support. September 12, 1904, she sold this real estate for $4,000 and conveyed it to the purchaser, receiving $2,000 of the purchase money in cash and taking a note secured by a mortgage of the premises for the balance; and December 31, 1904, she moved away, taking her piano with her and storing the rest of the personal property in Concord. She died March 4, 1905, leaving an estate of about $37,000, including the note and mortgage, which the plaintiff now holds. Jerome died June 6, 1905, and the plaintiff is administrator of his estate.

The plaintiff, as executor, desires to be advised whether the proceeds of the sale of the real estate, and the furniture and other property mentioned in the will as being on the real estate, is the property of the estate of Jerome, or belongs to the residuary legatees under the will of Vianna.

*Arthur H. Chase*, pro se.

*Leach, Stevens & Couch*, for the heirs of Jerome B. Connor.

*Streeter & Hollis*, for the residuary legatees of Vianna A. Connor.

PARSONS, C. J. The will expressly excludes from the absolute gift to Jerome "money, notes, bonds, or other securities." There is nothing excepting from this exclusion money, notes, or securities arising from the sale of real estate. There is, therefore, no

occasion to consider whether, in the absence of express exclusion, the same result would be reached, or whether under some circumstances a devise of lands might include real estate mortgages. *Clark* v. *Clark*, 56 N. H. 105, 108.

The remaining question is as to the household furniture and other property which the testatrix at the date of the will had on her real estate in Hopkinton, and which after the sale of the real estate was stored by her in Concord. It is contended that the language of the will localizes the subject of the legacy which is adeemed by the removal of the goods during the lifetime of the testatrix. On the other hand, it is claimed that the reference to the location of the property is descriptive merely, and that a change in location does not defeat the legacy. *Prendergast* v. *Walsh*, 58 N. J. Eq. 149; *Chapman* v. *Hart*, 1 Ves. Sr. 271; 2 Red. Wills 533. But the question is one of intention, regardless of technical rules. *Frost* v. *Wingate*, *ante*, *p.* 535. What did the language of the will mean to the testatrix? She said: " I give, bequeath, and devise to my brother, Jerome B. Connor, all my real estate wherever situated, to have and to hold to him, his heirs and assigns forever. Also all my personal property in the house on said real estate and on said premises (but not including money, notes, bonds, or other securities). Also all my clothing and jewelry, wherever the same may be found." By the following clause in the will she gave all the remainder of her estate in trust, to be paid, income or principal as might be necessary, to her brother in monthly payments of $2,000 a year during his life. The two clauses dispose of her entire property for the benefit of her brother. It does not appear that, aside from the property excepted from the direct gift to her brother, she owned any other. The real estate then owned by her was her home, and the natural *situs* of her personal estate. If her death occurred away from her home, her clothing and jewelry naturally following her person might not then be upon the estate; and the concluding sentence of the clause referring to them " wherever found " appears to have been inserted out of abundant caution and to make certain that the bequest to her brother should not be defeated in part by any accident as to the place of her death.

The language of the will does not localize the property in Hopkinton. Although the testatrix sold the real estate owned at the date of the will, if she had purchased other real estate it would have passed by the devise if owned by her at her decease. *Morey* v. *Sohier*, 63 N. H. 507, 511; P. S., *c.* 186, *s.* 7. Personal property thereon not excepted would have complied with the description in the will. The objection really is not that property localized by the will was removed in the lifetime of the testatrix, but

that she did not own in fee the place where this property was found at her death. A sale of the personal chattels when or after the real estate was sold would necessarily have effected an ademption of the legacy. *Drake* v. *True,* 72 N. H. 322. No sale was made. The nature of the property was such as to realize but little if sold, and to be replaceable at much greater expense if she or her brother should desire to again establish a home. The purpose of the will to give her brother absolutely all her property, except such as produced an income and which required financial skill in its management, seems clear. The case does not disclose the nature of the right under which the property was stored in Concord. It is to be presumed it was rightfully kept in the Concord storehouse. From the nature of the property, its identification as the property referred to by the terms used at the date of the will, and the relations of the parties and the general purpose of the will, it is clear that to hold that the legacy was adeemed, because the title of the testatrix to the real estate upon which it was at the time of her death was less than a fee, would be to defeat the plain intent of the will. No legal rule requires her intention to be disregarded.

The executor is advised that the proceeds of the sale of the real estate in his hands are part of the residuary estate, and that the personal property in question belongs to the estate of Jerome B. Connor. The objection to the exclusion of evidence of the intention of the testatrix in making sale of the real estate is not insisted upon and is understood to be waived.

*Case discharged.*

All concurred.