Hillsborough, }
June 3, 1913. }

          RALPH G. SMITH, *Trustee, v.* OLIVE A. PATCH *& a.*

Where a widow waives the provisions of a will which directs that the income of a
    trust fund be used for her benefit and that at her decease the principal be dis-
    tributed "among my grandchildren then living," it is the duty of the trustee
    to hold the estate during the life of the widow and upon her death to distribute
    it, share and share alike, among the grandchildren who then survive.

PETITION, by the trustee under the will of Parker P. Patch, for advice as to the persons entitled to share in a trust fund created by the will and the time of distribution.   Transferred from the January term, 1913, of the superior court by *Mitchell,* J.

The trust is created by the sixth clause of the will, as follows: "I give, devise, and bequeath the sum of two thousand dollars to George W. S. Dow, of said Henniker, to hold in trust for the benefit of my wife, . . . to be held by him for her benefit so long as she remains my widow. . . . At her decease the residue is to be divided among my grandchildren then living in equal shares." The trustee named by the testator declined to accept the trust, and the plaintiff Smith was duly appointed.   Olive A. Patch, widow of the testator, waived the provisions of the will and took one third of the estate under the statute.   The testator was survived by eleven grandchildren, and five others born since his decease are now living.

The court ruled that the will created a vested remainder for the benefit of the grandchildren living at the time of the testator's decease, and that by reason of the refusal of the widow to accept the particular estate, the remainder was accelerated and took effect immediately upon the death of the testator. The trustee was instructed to divide the trust fund among the grandchildren who were living at the date of the testator's decease. To this ruling and instruction the trustee excepted.

*Holman & Smith*, for the plaintiff.

*Niles & Upton*, for the guardian *ad litem*.

YOUNG, J. The answer to both questions as to which the advice of the court is asked depends on the testator's intention. *Jewell* v. *Appolonio*, 75 N. H. 317, 318; *Hayward* v. *Spaulding*, 75 N. H. 92; *Chase* v. *Moore*, 73 N. H. 553, 555. The test, therefore, to determine who are entitled to share in the final distribution of the trust fund is to inquire to whom the testator intended to give it. The only evidence relevant to that issue is the language he used, and that tends to the conclusion that he intended to give it to such of his grandchildren as are living at the death of his widow. As there is nothing to rebut this conclusion, the trustee is advised that it is his duty to hold the trust fund during the life of the widow and distribute it at her death, share and share alike, to such of Patch's grandchildren as are then living.

*Case discharged.*

All concurred.