## IVES v. CANBY.

### (Circuit Court, D. Delaware. December 19, 1891.)

**WILLS—SPECIFIC AND DEMONSTRATIVE LEGACIES.**
A bequest of "$2,000 of the South Ward Loan of Chester, Pennsylvania," by a person owning $10,000 worth of bonds known by that designation, is a demonstrative, and not specific, legacy, and is not adeemed by the payment of the bonds before the testator's death.

At Law. Action by Alfred S. Ives against William Canby, executor of Lucinda H. Bradford, to recover a legacy. Judgment for plaintiff.

*George H. Bates*, for plaintiff.
*Willard Hall Porter*, for defendant.

WALES, J. This is an amicable action for the recovery of a legacy, and the case comes before the court on a statement of facts agreed to by the counsel on both sides. Lucinda H. Bradford made her will on the 26th day of February, 1879, and appointed the defendant her executor.

Mrs. Bradford died on the 5th of September. 1888, and on the 1st day of October in the same year her will was duly probated, and letters testamentary thereon issued to the defendant. The third clause of her will is in these words:

"*Item.* I give, devise, and bequeath to Alfred Stille Ives, the second child of Dr. Robert Ives and Maria, his wife, of New Haven, Conn., his heirs and assigns, forever, two thousand dollars of the South Ward Loan of Chester, Pennsylvania."

At the time of making her will the testatrix owned and possessed securities known as the "South Ward Loan of Chester, Pennsylvania." of the value of $10,000, represented by bonds numbered and dated as follows: Bond No. 97, for $4,500, dated July 2, 1870, payable in 10 years from that date; bond No. 80, for $4,500, dated July 1, 1870, payable in 15 years from that date; and bond No. 83, for $1,000, dated July 1, 1871, payable in 10 years after that date. All of these bonds were paid off prior to the death of the testatrix. After the payment of all the debts due from her estate, and all of the other legacies, there were sufficient assets in the hands of the defendant, as executor, for the payment of the legacy to the plaintiff.

The question presented by these facts is whether the legacy of $2,000 to the plaintiff is a specific legacy, and was therefore adeemed by the payment of the bonds during the life-time of the testatrix. The question is not a new one. The definition of a "specific legacy" has long been settled, and the present controversy can be determined by a reference to the authorities, without further discussion. A specific legacy is attended with some advantages and with some disadvantages. If, at the time of the death of the testator, the subject of the legacy is found among the assets of the testator, it must be paid to the legatee by the executor in preference to the general legacies, and is not liable to contribution for the payment of debts due from the estate, if there should not be a sufficiency of assets for that purpose, and for the payment of other legacies in full; and, moreover, such legacy is payable at once, and, where it is a money legacy, with interest from the death of the testator. On the other hand, if the property so specifically bequeathed is not in the possession of the testator at the time of his death, by reason of its previous payment, sale, or destruction, it is adeemed; and the gift fails. The courts have inclined against construing legacies as specific, in order to guard the legatee against the risk of ademption, and that the legacy may be liable to contribution and abatement, if the assets are insufficient to pay the debts and also to satisfy the general pecuniary legacies. It is therefore important to ascertain the intention of the testator, and such intention must always be either expressed in reference to the thing bequeathed, or otherwise clearly appear from the will, to constitute a specific legacy. This is elementary. Mrs. Bradford's will contains no word or phrase, other than what is found in the third clause, that shows her intention in reference to the payment of this legacy. In those cases in which legacies of stock, or shares, or money due on a bond, have been held to be specific, some expression has been found from which an intention

to confine the bequest to the particular shares or debt could be inferred. It seems to be settled, says an eminent authority, that mere possession by the testator, at the date of his will, of stock or annuities, of equal or larger amount than the bequest, will not (without words of reference, or an intention appearing upon the will that he meant the identical stock of which he was possessed) make such bequest specific.    Rop. Leg. c. 5, § 5.    In *Davis* v. *Cain*, 1 Ired. Eq. 309, the bequest was of 25 shares of capital stock of the State Bank of North Carolina. The testator owned 25 such shares. The court said the legacy was not specific. If the testator had said "my" 25 shares, it would have been specific. In *Robinson* v. *Addison*, 2 Beav. 515, a testator, having 15½ Leeds & Liverpool canal shares, bequeathed 5½ such shares to A., 5 such shares to B., and 5 such shares to C. . There was no description or reference in the will to show that the testator intended to give the particular shares which he held at the date of his will. At his death he possessed no Leeds & Liverpool canal shares. The master of the rolls said:

"In the gift the testator has used no words of description or reference, by which it appears that he meant to give the specific and particular shares which he then had. If he had meant to give only the shares which he had, he might have designated them as 'his.' He intended his legatees to have so many canal shares, but, not giving the specific shares he had, he gave nothing which was distinguished or severed from the rest of the testator's estate, but, in effect, gave such an indefinite sum of money as would suffice to purchase so many shares as he had given, those shares being any such shares as could be purchased, and not certain and particular defined shares."

In *Dryden* v. *Owings*, 49 Md. 356, the testator at the time of making his will, and at the time of his death, had in his possession eight state of Missouri bonds, of the value of $8,000. His will contained this legacy: "I give and bequeath to Virginia M. Owings $8,000 in the state of Missouri bonds." One year after the death of the testator his executrix delivered to the legatee $8,000 in state of Missouri bonds, but the latter claimed that the legacy was specific, and that she was entitled to interest on the bonds from the testator's death. The court decided that, according to well-settled rules of construction, in order to constitute a specific legacy, it is necessary for the testator to distinguish or identify the stock or thing given by saying "stock now in my possession," "or now standing in my name," or some other equivalent expression marking the *corpus* of the stock bequeathed, and showing that the testator meant that identical stock, and no other, should pass to the legatee. In *Ludlam's Estate*, 13 Pa. St. 188, cited by the defendant's counsel, the testator devised to his nephew "one thousand dollars of the United States six per cent. stock or loan of the year 1812, standing in my name on the books of the loan-office, Pennsylvania, as per certificate No. 269." The loan had been paid to the testator in his life-time. The court then held that this was a specific legacy; that it was not a bequest of $1,000, payable out of the stock held by him, but $1,000 of stock which stands in his name in the loan-office certificate 269. It is the very thing itself,—the *corpus* of the stock. The same court, in *Armstrong's Appeal*, 63 Pa. St. 312, used the following language:

"A demonstrative legacy is the bequest of a certain sum of money, with the direction that it shall be paid out of a particular fund. It differs from a specific legacy in this: that, if the fund out of which it is payable fails for any cause, it is nevertheless entitled to come on the estate as a general legacy; and it differs from a general legacy in this: that it does not abate in that class, but in the class of specific legacies."

Had the legacy to the plaintiff been restricted to $2,000 "of my South Ward Loan of Chester," or had the testatrix given $2,000 of the debt belonging to her on one of the bonds in her possession at the date of her will, particularly describing the bond by number and date, showing that she intended to give to the plaintiff that amount of a specified debt, a different case would have been presented; but, in the absence of any such expressed or implied intention to make this a specific legacy, it must, under the rules established for the construction of similar bequests, be held to be a demonstrative legacy, and payable out of the assets of her estate. *Savile* v. *Blacket*, 1 P. Wms. 777; *Chaworth* v. *Beech*, 4 Ves. 565; *Smith* v. *Fitzgerald*, 3 Ves. & B. 5; *Gillaume* v. *Adderley*, 15 Ves. 384; *Giddings* v. *Seward*, 16 N. Y. 365; *Newton* v. *Stanley*, 28 N. Y. 61; *Norris* v. *Thomson*, 16 N. J. Eq. 222. See, also, American note to *Ashburner* v. *Macguire*, 2 White & T. Lead. Cas. 646, and 3 Amer. Dec. 667.

Judgment will be entered for the plaintiff for the sum of $2,266.66, that amount being the principal of the legacy, with interest from the 1st day of October, 1889, with costs of suit.