THOMAS EVANS, Executor, Appellee, v. SENNA A. HUNTER, Appellant.

**Wills**: LEGACY: CONSTRUCTION.  A bequest of "four thousand dollars in United States government bonds," without any designation of the source from which they were to be obtained, *held*, to be general, and that the same would be satisfied by delivering to the legatee any bonds of the United States in the amount specified, although it appeared that the testator was possessed of the requisite amount of bonds at the time of his decease.

*Appeal from Jackson District Court.*—HON. WILLIAM F. BRANNAN, Judge.

TUESDAY, OCTOBER 18, 1892.

ACTION in equity for the interpretation of a will. From a decree in favor of the plaintiff, the defendant, Senna A. Hunter, appeals.—*Affirmed.*

*D. A. Wynkoop*, for appellant.

*Keck & House*, for appellee.

ROBINSON, C. J.—On the fifteenth day of April, 1885, George Roberts executed a will. On the twentieth day of November he died, and the will was duly proven in the proper court. The plaintiff is the executor named in the will, and seeks to have interpreted two of its paragraphs, which are as follows: *"First.* I give and bequeath my daughter, Senna Hunter, four thousand dollars in United States government bonds, to be delivered to her, if alive, at my death; if not, to her children; and, if she has none, to be equally divided between my children, or theirs, if they are deceased at my death. *Second.* To Mary Dawes, my eldest daughter, I give and bequeath one thousand dollars in United States government bonds, and five hun-

dred dollars in cash, and, if paid before my decease, it is to be in full satisfaction of this bequest of five hundred dollars."

The plaintiff contends that the legacies to Mrs. Hunter and Mrs. Dawes are general, and he avers that he has offered, and is now ready to pay, the former four thousand dollars, and the latter one thousand, five hundred dollars, in full of the amounts to which they are entitled under the will. The testator, at death, left United States bonds to the amount of five thousand dollars, and the appellant contends that the legacies of bonds are specific, and that the legatees are entitled to the respective amounts of bonds due them under the will from those left by the testator. The district court found that the legacies were general, and authorized the plaintiff to deliver to each legatee the amount of bonds to which she was entitled under the will, in any bonds of the United States.

It will be noticed that the bequest to the appellant was of "four thousand dollars in United States government bonds," without any designation of the source from which they were to be obtained. It is insisted that, as decedent had the amount of bonds required by the will for distribution at the time of his death, it is fair to presume that they were the ones contemplated by the will. It is not shown that he owned any bonds at the time of making the will, but it is possible that he then had them, or that he afterwards obtained them for the purposes of the will. That may be conjectured, but is not shown. Certainly, it is not expressed in the will, and it is the general rule that the intent of the testator must be gathered from the will without the aid of extrinsic evidence. Schouler on Wills, section 567, *et seq.* It was said by this court in *Alden v. Johnson*, 63 Iowa, 127, that "we can look only to the will itself, guided by the rules of interpretation, in order to determine the intention of the testator, and cannot, for that

purpose, resort to other sources to discover it." "A general legacy is one which does not necessitate delivering any particular thing, or paying money out of any particular portion of the estate. But a specific legacy is the converse of this." Schouler on Executors, section 461. See, also, Redfield on Wills, pt. 2, p. 457.

The question to be determined is whether the requirements of the will can be satisfied only by delivering to the legatees the bonds which the testator owned at death. In *Sponsler's Appeal*, 107 Pa. St. 95, the will under consideration contained a provision as follows: "I also give and bequeath to her, the said Alice, fifteen shares of second preferred Cumberland Valley Railroad stock, and one second mortgage five hundred dollar bond (No. 1) of said railroad company." A codicil contained the following: "I further give to my cousin Alice Pheem, in addition to what I have given her by my will, fifteen shares of Cumberland Valley railroad stock, preferred; one Cumberland Valley railroad eight per cent. bond; and thirty shares of Carlisle Deposit Bank stock." It was held that the legacy of the railroad stock was general, and that the fact that the testator had only fifteen shares of the stock described when he made the will, and when he died, did not operate to make it special.

The facts considered in *Tifft v. Porter*, 8 N. Y. 516, were substantially as follows: The testator bequeathed to his wife two hundred and forty shares, and to Harriet S. Glover one hundred and twenty shares of stock of the Cayuga County Bank. He owned three hundred and sixty shares of that stock when he died. The court defined "legacies" as follows: "A legacy is general when it is so given as not to amount to a bequest of a particular thing or money of the testator, distinguished from all others of the same kind. It is specific when it is a bequest of a specified part of the testator's personal estate which is so dis-

tinguished,"—and, following the definition, held that the legacies of stock were general. A bequest of a specified amount in public funds or stock or. money is general, but, if the property is further described as being then owned by the testator, the bequest is special. Schouler on Executors, section 461. A specific legacy is not subject to contribute to any deficiency which may occur in other bequests, nor can a specific legatee claim to have any deficiency which may be found to exist in his legacy made up from other portions of the estate. Redfield on Wills, pt. 2, p. 462; Schouler on Executors, section 461; 2 Williams, Executors, 1251.

When the recognized rules of interpretation are applied to the will under consideration, its legal effect is not doubtful. There is no ambiguity in the language used. Its requirements as to bonds will be satisfied by the delivery to the legatees of any bonds of the United States in the amounts specified. Had the will identified the particular bonds which were owned by the testator at the time of his death, or had it described them as belonging to him when the will was executed, and he had then owned them, the legacies would have been specific. See *Smith v. McKitterick*, 51 Iowa, 548. But the language used cannot be given that effect. If the testator had never owned bonds, or having them to the amount of five·thousand dollars, he had disposed of them during his lifetime, the legacies would not have been defeated, but it would have been the duty of the executor to procure United States bonds with which to pay them. We conclude that the legacies are general.

The decree of the district court is, therefore, AFFIRMED.