*Luke Kavanagh,* for respondents, Ellenor Taft, Duty E. Caswell, Flora B. Robbins.

---

RATHBONE GARDNER *et al.* EX. *vs.* WILLIAM A. VIALL *et als.*

JUNE 18, 1914.

PRESENT: Johnson, C. J., Parkhurst, Sweetland, Vincent, and Baker, JJ.

*(1) Wills. Specific Legacies.*

Under a will testatrix who owned at the time of her death and who had owned for many years prior to the execution of her will 170 shares of the stock of a corporation, bequeathed to various legatees this exact number of shares and to others, pecuniary legacies. The assets of the estate other than the stock were insufficient to pay in full the pecuniary legacies. The will provided, paragraph 29, that the legacies "may be paid in money or in such bonds,

stocks, mortgages or other securities not hereinbefore specifically bequeathed as I may possess at the time of my death or partly in each, such securities to be taken at such then fair value thereof as may be agreed upon between my executors and the persons or corporations entitled to such legacies, respectively."

*Held*, that as an examination of the will preceding paragraph 29 showed no mention of any "bonds, mortgages or other securities," but did disclose bequests of the capital stock of the corporation in question, amounting in the aggregate to the exact number of shares of stock which she then owned and which identical stock she held at her death, the words "bonds, stocks, mortgages or other securities not hereinbefore specifically bequeathed" disclosed the intention to specifically bequeath such stock and in consequence such legacies did not abate by reason of the fact that the assets were insufficient to permit payment of the pecuniary legacies in full.

(*2*)   *Wills.   Misnomer of Legatee.*

A misnomer of a legatee is immaterial if the person intended can be identified by the description in the will.

PETITION for construction of will certified under Gen. Laws, cap. 289, § 35.

BAKER, J.   This is a suit in equity brought by Rathbone Gardner and Henry D. Sharpe, executors of the last will and testament of Jane Frances Brown, late of the city of Providence, deceased, and by said Henry D. Sharpe, personally, against William A. Viall, Lucian Sharpe, John T. Cranshaw, and Marion Law, each of whom is a legatee under said will of certain shares of the capital stock of the Brown & Sharpe Manufacturing Company, a large number of other persons and religious and charitable corporations, each of whom received under said will a pecuniary legacy, and Lyra B. Nickerson, the residuary legatee named in said will.

The bill of complaint sets out that said Jane Frances Brown, by her will, gave and bequeathed to the complainant, Henry D. Sharpe, thirty-five (35) shares of the capital stock of the Brown & Sharpe Manufacturing Company; to the respondent, Lucian Sharpe, thirty-five (35) shares; to the respondent, John T. Cranshaw, fifty (50) shares; to the respondent, William A. Viall, twenty-five (25) shares; and to the respondent, Marion Law, twenty-five (25) shares of said

stock; that she gave and bequeathed to the other respondents, except said Lyra Brown Nickerson, pecuniary legacies to the total amount of one million one hundred sixty three thousand dollars ($1,163,000); that the assets of the estate other than the stock of the Brown & Sharpe Manufacturing Company have been appraised at and are of the value of about eight hundred and ninety thousand dollars ($890,000), and that such assets are insufficient to pay in full the pecuniary legacies and that they were not materially greater at the time of the execution of said will.    The bill further alleges that the testatrix owned at the time of her death, at the time of the execution of said will and for many years prior thereto, one hundred and seventy (170) shares of the capital stock of the Brown & Sharpe Manufacturing Company and no more, being the same number bequeathed by the will; that that company was organized in 1868 to take over and carry on the business of manufacturing tools and machinery which had been theretofore conducted by a partnership known as J. R. Brown & Sharp; that the capital stock of the corporation upon its organization was fixed at one hundred thousand dollars ($100,000), consisting of one thousand (1,000) shares of the par value of one hundred dollars ($100.00) each, and that the capitalization has never been changed; that the business and assets of the corporation have greatly increased and that its physical plant, real estate and machinery possess a value greatly in excess of its capitalization; that it has for many years paid dividends varying in amount in accordance with the business of the company, but all large as compared with the par value of its capital stock; that its entire capital stock has for many years been owned by Joseph Rogers Brown, the husband of the testatrix, and by Lucian Sharp, the father of the complainant, Henry D. Sharpe, and the respondent, Lucian Sharpe, and their descendants or members of their families; that there have been no sales of said stock for many years and that the same has changed hands only by reason of the death of some of its holders; that there has never been any quotable market price of the stock, and

its value can only be ascertained by experts familiar with its business and earnings.

The bill contains the further allegations that the persons named in said will as legatees of said stock, other than the respondent, Marion Law, are either children of said Lucian Sharpe (persons already the owners of stock in said corporation), or persons who are now or have been in the employ of said Brown & Sharpe Manufacturing Company.

The complainants ask the court to advise and instruct the executors whether the legacies of the stock of the Brown & Sharpe Manufacturing Company are specific legacies and as such, entitled to be satisfied in full, without reference to the deficiency in the remaining assets of the estate, for the payment of the pecuniary legacies, or are general legacies and as such, to abate in common with pecuniary legacies.

All of the defendants who are *sui juris* have answered admitting the allegations of the bill, and the defendant trustee and the minors have answered, the latter by their guardians *ad litem*, submitting their rights to the court. The answer of the respondent, Lucian Sharpe, is a brief general answer setting up, among other additional facts, that for some time after the death of his father he acted as the confidential business adviser of the testatrix who knew that he was a stockholder in said company and claiming that the legacy of stock to him is specific.

The suit was referred by the Superior Court to a master to take and report testimony. This was done and thereafter the cause was certified to this court, under Section 35, Chapter 289 of the General Laws. The testimony taken supports the allegations of the bill and also shows that the testatrix was familiar with the condition of the Brown & Sharpe Manufacturing Company, particularly with reference to the ownership of the stock; that said Lucian Sharpe and said Henry D. Sharpe had each at different times been her confidential business adviser; that said John T. Cranshaw had been employed by said company since its organization, generally as credit manager and for many years as cashier,

and had constantly assisted the testatrix in her private business affairs; that William A. Viall had known testatrix for forty years; has been employed by the company for twenty years; has been secretary thereof since 1906, and that his father was connected with the business for nearly fifty years, and was superintendent of the corporation for more than thirty years.

Jane Frances Brown, late of Providence, died July 29, 1913; her will was probated August 26, 1913, and Rathbone Gardner and Henry D. Sharpe, both aforesaid, duly qualified as executors thereunder.

The portions of the will necessary to be considered in the determination of the principal question raised are as follows:

"SECOND. I give and bequeath to Lucian Sharpe and Henry D. Sharpe, sons of Lucian Sharpe, deceased, to each of them, the said Lucian and Henry D., in severalty thirty-five (35) shares of the capital stock of the Brown & Sharpe Manufacturing Company, as a token of gratitude to their father, Lucian Sharpe, for services rendered to me by him.

"THIRD. I give and bequeath to John T. Cranshaw, of said city of Providence, fifty (50) shares of the capital stock of said Brown & Sharpe Manufacturing Company.

"FOURTH. I give and bequeath to William A. Viall, of said city of Providence, twenty-five shares of the capital stock of said Brown & Sharpe Manufacturing Company.

"FIFTH. I give and bequeath to Reverend Marion Law, of the city of Pawtucket, twenty-five (25) shares of the capital stock of the Brown & Sharpe Manufacturing Company."

(1)    "TWENTY-NINTH. I hereby declare that the legacies under this will may be paid in money or in such bonds, stocks, mortgages or other securities not hereinbefore specifically bequeathed as I may possess at the time of my death, or partly in each, such securities to be taken at such then fair value thereof as may be agreed upon between my executors and the persons or corporations entitled to such legacies respectively."

The facts admitted by all parties, namely, that the pecuniary legacies under Mrs. Brown's will amount to $1,163,000, and that the assets of the estate, other than the stock of the Brown & Sharpe Manufacturing Company and the house on Congdon street, with its contents (which house and contents are admittedly specifically devised and bequeathed) have been appraised at and are of the value of about $890,000, show that such assets are insufficient to pay the expenses of administration and the pecuniary legacies given by the will.  Out of this situation arises the question whether the legacies of the stock of the Brown & Sharpe Manufacturing Company are *specific* legacies entitled to be satisfied in full without reference to the deficiency in the remaining assets for the payment of all the other legacies, or are *general* legacies and as such liable to abate in common with all the other general legacies given by the will.

It is in relation to this question and two other matters relative to erroneous descriptions of beneficiaries under the will that the executors ask the advice and instruction of this court.

In *Dean* v. *Rounds*, 18 R. I. 436, the court defines a specific legacy as follows:  "A specific legacy, as the term imports, is a gift or bequest of some definite, specific thing, something which is capable of being designated and identified."  This definition is quoted with approval in *Martin, Petitioner*, 25 R. I. 14, where the court also says:  "All legacies other than that of the residuum are either *general* or *specific*.  A general legacy is one which does not necessitate delivering any particular thing or paying money out of any particular portion of the estate."  It is also "a cardinal principle in expounding wills, announced by so many authorities that it would be tedious and is unnecessary to attempt to mention them, that the intention of the testator must be found in his expressed words."  Woerner Am. Law of Administration, Section 414.

In *Mahoney* v. *Holt*, 19 R. I. 660, the testator bequeathed to different persons an aggregate of twenty-two hundred

shares of the common stock of the United States Rubber
Company, using in each bequest the following language:
"I give and bequeath to  .  .  .  shares of common stock
of the United States Rubber Co., now owned by me and
standing in my name on the books of said company."
When the will was executed the testator owned three thou-
sand two hundred and fifty-seven shares of said common
stock; when he died he owned only two hundred shares
thereof, the remainder having been sold and disposed of by
him subsequently to the execution of the will.   At his decease
the personal estate was sufficient to pay the value of all lega-
cies given in the will, after the payment of testator's indebted-
ness.   It was held that said legacies were not specific and
that the legatees were entitled to the value of the shares
respectively bequeathed to them, expressly following the
decision in *Pearce* v. *Billings*, hereinafter referred to.

In *Martin, Petitioner, supra*, the testatrix, by the twelfth
clause of her will gave a legacy of two hundred and thirty
shares in the Ashland Cotton Company.   At the time of
making her will she owned two hundred and thirty shares of
the stock of said company, which amount of said stock she
continued to hold throughout the remainder of her life.
The precise language of this bequest is not given, but it is
apparent from the opinion that the stock was not referred to
as "my stock" or as "standing in my name," or by any
language showing ownership of the stock by her when the
will was made.   As to this bequest, the court, at page 17,
says:   "The legacy in the twelfth clause of two hundred and
thirty shares in the Ashland Cotton Company, although
not described by the testatrix as my (her) two hundred and
thirty shares, seems to us to be a specific legacy.   It is
true that the law does not favor specific legacies, and that
where stocks, bonds and other securities are disposed of by
the will, but it does not designate them as composing a part
of the testator's estate and the legacy may be satisfied by
delivering to the legatee any securities of the kind and the
value or amount specified a preponderance of authority

favors it being a general legacy, though the testator owned securities of the kind specified and corresponding exactly to the number of shares or amount bequeathed. 18 Am. & Eng. Ency. of Law, 2nd ed. 713. The authorities, however, are by no means uniform. 1 Roper on Legacies, s. p. 204-224. The cardinal rule in the construction of wills is to ascertain and follow the intent of the testator, and, inasmuch as wills vary so much in their surrounding circumstances, each will has to be judged largely by its own attendant circumstances. In *Pearce* v. *Billings*, 10 R. I. 102, the testator gave away of certain bank stocks largely in excess of what he owned at his death or had ever owned of such bank stocks. The court decided such legacies were general and not specific, and that the number of shares given away merely furnished a standard of measurement of the amount of a pecuniary gift, which was to be fixed by the value of the stated number of shares at the time the legacies would become payable, viz.: a year after the testator's decease, an appraisal then to be made. Undoubtedly the fact of the testatrix having an odd number of shares of the Ashland Cotton Company at the date of her will and at her death, exactly corresponding with the number given away, was a circumstance to be taken into account, and that taken in connection with all the circumstances of this particular will satisfy us that the testatrix intended that the legatee under the twelfth section was to have that particular stock. In our opinion the legacy under the twelfth section was a specific one." It must be admitted that it is not very clear from the case as reported precisely what the other "circumstances" were on which reliance was placed as establishing the intention of the testatrix.

The following cases are cited by one of the respondents as showing that courts have held that the ownership of the exact amount of stock given at the time of making the will raises a strong presumption that the testator intended to dispose by his will of the stock of which he was then the owner. *White* v. *Winchester*, 6 Pick. (Mass.) 48; *Foote*,

*Appellant*, 22 Pick. (Mass.) 299; *Metcalf* v. *Framingham Parish*, 128 Mass. 370; *Harvard Unitarian Society* v. *Tufts*, 151 Mass. 76; *Thayer* v. *Paulding*, 200 Mass. 98; *Drake* v. *True*, 72 N. H. 322; *Jewell* v. *Appolonio*, 75 N. H. 317; *New Albany Trust Co.* v. *Powell*, 29 Ind. App. 494, 499; *Waters* v. *Hatch*, 181 Mo. 262, 288; *Klenke's Estate*, 210 Pa. St. 575; *In re De Barnal's Estate* (Cal.), 131 Pac. Rep. 375, 379. On the other hand other respondents call attention to the following cases wherein it is held that the ownership of the exact amount of stock given when the will is made is insufficient to constitute such a gift a specific legacy. *Davis* v. *Cain*, 1 Ire. Eq. 304; *Tifft* v. *Porter*, 8 N. Y. 516; *Evans* v. *Hunter*, 86 Iowa, 413; *Sponsler's Appeal*, 107 Pa. St. 95; and *Robinson* v. *Addison*, 2 Beav. 515.

In *Thayer* v. *Paulding*, *supra*, where a testator, owning three hundred and seventy-five shares gave "one hundred and twenty-five shares of the capital stock" of a corporation, on page 101 it is said: "A very slight indication of an intention to give shares then in his ownership is sufficient to make the legacy specific in a case like this."

But in the present case we are not left to rely for the ascertaining of the intention of the testatrix as to the character of these legacies upon the simple fact of the identity in amount of the stock of the Brown & Sharpe Manufacturing Company owned by her when she made her will and of the amount of such stock disposed of thereby. In "paragraph twenty-ninth," already quoted, she says: "I hereby declare that the legacies under this will may be paid in money or in such bonds, stocks, mortgages or other securities not hereinbefore specifically bequeathed as I may possess at the time of my death, or partly in each." It is plain from this language that the testatrix understood that by the provisions of her will, preceding in order of arrangement said twenty-ninth paragraph, she had specifically bequeathed some of her property of such a character as to be comprehended within the description "bonds, stocks, mortgages or other securities." An examination of the preceding portions of the will discloses

no mention in any manner of "bonds, mortgages or other securities," but stocks alone of such kind of property are mentioned and bequeathed. The only stock referred to is "capital stock of the Brown & Sharpe Manufacturing Company," as mentioned in the second, third, fourth and fifth paragraphs, by which she gives in different amounts to the five persons named in said paragraphs in the aggregate the exact number of shares of stock which she then owned, and which identical stock she held at her death and no more. Unless, therefore, the words "hereinbefore specifically bequeathed" refer to the capital stock of the Brown & Sharpe Manufacturing Company, given as aforesaid, they are meaningless. But, if practicable, they must be interpreted as having significance. By giving them their natural meaning it is entirely clear that the testatrix intended to specifically bequeath the one hundred and seventy shares of the capital stock of the said Brown & Sharpe Manufacturing Company she then owned to the persons named and in the proportions specified in said paragraphs. See *Metcalf* v. *Framingham Parish, supra*, at page 372.

If it were necessary in order to ascertain the intention of the testatrix to put ourselves as far as possible in her place at the time of the execution of the will by taking into consideration the circumstances surrounding her and the facts and circumstances respecting the persons or property to which the will relates, of which she then had knowledge, as the same are hereinbefore set forth and described, we should be strongly influenced thereby to reach the same conclusion. These facts and circumstances are all confirmatory and corroborative in demonstrating the intention of the testatrix to be what we have ascertained it to be from the will itself.

We are of the opinion, therefore, that under the will of Jane Frances Brown the legacies of shares of the capital stock of the Brown & Sharpe Manufacturing Company to Lucian Sharpe and Henry D. Sharpe, John T. Cranshaw, William A. Viall and Reverend Marion Law are, in each instance, specific and not general legacies, and that in consequence they do

not abate by reason of the fact that the assets of the estate are insufficient to permit the payment of the pecuniary legacies in full.

Two other questions remain. The eighth and ninth paragraphs of the said will are as follows:

(2) "EIGHTH. I give and bequeath to Ellen Logan, of said city of Providence, who has been for many years my faithful and devoted nurse, my house and lot situate on the easterly side of Congdon street, in said city of Providence (said house being now numbered 119 on said Congdon street), together with all household furniture and articles of use or ornament contained in said house at the time of my death except the picture hereinbefore bequeathed, to have and to hold the same to her, the said Ellen Logan, her heirs and assigns forever.

"NINTH. I give and bequeath to said Ellen Logan the sum of one hundred thousand dollars ($100,000)."

The testimony of said Henry D. Sharpe shows that the name of the person who for many years had acted as nurse for Mrs. Brown, the testatrix, is Mary C. Logan and not Ellen Logan; that, to his knowledge, Mrs. Brown never had a nurse, acquaintance or companion by the name of Ellen Logan, and that the feeling of Mrs. Brown toward her nurse, Mary C. Logan, was the most kindly and one of the greatest gratitude for her faithful service. "The rule is that a misnomer of the legatee or devisee is immaterial if the person intended can be identified by the description in the will." *Pell* v. *Mercer,* 14 R. I. 412, 447.

Mary C. Logan is sufficiently identified as the person meant by the name Ellen Logan in the will. The devise and bequest under said paragraphs eight and nine go to said Mary C. Logan.

The fifteenth paragraph of the will is as follows:

"FIFTEENTH. I give and bequeath to Virginia Viall and Richard A. Viall, children of said William A. Viall, the sum of five thousand dollars ($5,000) each."

The testimony given by said William A. Viall shows that he has a son named Richmond Viall, who is named for his grandfather, the superintendent aforesaid, that he never had a son named Richard A. Viall, and that he knows of no one bearing that name with whom Mrs. Brown was acquainted.

We are of the opinion that said Richmond Viall, son of said William A. Viall, is the person meant by the name Richard A. Viall in the will, and that the legacy of five thousand dollars to Richard A. Viall under said paragraph fifteenth belongs to said Richmond Viall.

A decree may be presented in accordance with this opinion on Monday, June 29, 1914, at 10 o'clock a. m., in order that the same may be approved by this court and ordered to be entered in the Superior Court.

*Gardner, Pirce & Thornley,* for complainants.

*Green, Hinckley & Allen, Frank L. Hinckley, Frederick W. Tillinghast, Richard S. Aldrich,* for respondent, Lucian Sharpe.

*Mumford, Huddy & Emerson, John H. Flanagan,* for Rhode Island Hospital and St. Joseph's Hospital.