THE FIDELITY TITLE AND TRUST COMPANY, EXECUTOR AND TRUSTEE (ESTATE OF GEORGE T. OTTE), *vs.* VELMA A. YOUNG ET ALS.

Third Judicial District, New Haven, June Term, 1924.
WHEELER, C. J., BEACH, CURTIS, KEELER and KELLOGG, Js.

As a general rule, a bequest of shares of stock in a named corporation will be construed as a general legacy, in order to effect the probable intent of the testator that the legacy should not be adeemed by his parting with the stock prior to his death, and that there should be uniformity of contribution in case of a deficiency of his assets, but if neither of these reasons exists, and if there is no statutory requirement that wills be construed as if executed immediately before death, the general rule will yield to a very slight indication of an intention to make a specific legacy of actual shares owned by the testator at the date of the will.

In the present case, the testator who, at the date of his will, owned several hundred shares of Butler Brothers stock in which he had great confidence as a sound investment, bequeathed $10,000 in cash to his wife and "two hundred and fifty shares of the stock of Butler Brothers, or its equivalent in cash should I not then be

the owner of said stock" in trust for the life use of his wife with remainder to his daughter. He also bequeathed to a friend $5,000 in cash and one hundred and fifty shares of stock of the same company. Between the date of his will and his death, the par value of Butler Brothers stock was reduced from $100 to $20, and his certificates were changed accordingly. *Held:—*

1. That the testator's intent, as evidenced by his description of the stock, his scheme of distribution, his general pecuniary gifts in addition to the bequests of stock, and especially his express provision against ademption in the case of his wife and daughter, was to make specific legacies of the Butler Brothers stock.

2. That the legacies were not adeemed by the reduction in the par value of the stock, and that each beneficiary was entitled to receive in $20 shares five times the number of $100 shares mentioned in the will.

Argued June 6th—decided July 28th, 1924.

SUIT to determine the construction of the will of George T. Otte of Darien, deceased, brought to and reserved by the Superior Court in Fairfield County, *Banks, J.*, upon the undisputed facts alleged in the complaint, for the advice of this court.

George T. Otte, formerly a resident of Greenwich but, at the time of his death, a resident of Darien in the probate district of Stamford, died February 13th, 1922, seized of a considerable estate consisting entirely of personalty, and leaving a will executed May 13th, 1916, which disposed of his whole estate. The will has been admitted to probate and the plaintiff, named therein as sole executor and trustee, qualified and is acting as such. All debts and expenses of administration have been paid. At the time of the execution of the will, the testator owned six hundred and sixty shares of the capital stock of Butler Brothers, an Illinois corporation, of the par value of $100 each.

In 1917, the testator acquired two hundred and twenty additional shares of the corporation by the exercise of his stockholder's right to subscribe for such additional shares at the par value of $100 each. Later

he sold forty shares, and remained owner of eight hundred and forty shares in February, 1920, when the corporation voted to reduce the par value of its shares to $20 each, and to issue to each of its stockholders five shares of the par value of $20 for each $100 share surrendered for exchange. At the same time, the corporation increased its capital stock by issuing additional shares of the par value of $20 each, which new shares were offered to its stockholders at $40 a share. The testator exchanged his certificates for eight hundred and forty shares of the par value of $100, for certificates for forty-two hundred shares of the par value of $20, and also subscribed for four hundred and twenty shares of the new $20 stock, some of which he sold in March, 1920, leaving forty-four hundred and sixty-five shares of the par value of $20, which he held until his death, and which came into the possession of his executor.

The testator's will, executed in 1916, remained unchanged up to his death in 1922. It contains the following bequests which give rise to the questions upon which our advice is asked: "Third. I give and bequeath to my wife, Latcher Otte, ten thousand (10,000) dollars in cash, absolutely and forever; and I give and bequeath to The Fidelity Title and Trust Company of Stamford, Connecticut, two hundred and fifty (250) shares of the stock of Butler Brothers, or its equivalent in cash at the time of my decease should I not then be the owner of said stock, in trust nevertheless for the following uses and purposes." Briefly stated, the trust was to pay the net income of the fund to the testator's wife during her life; and at her death, to pay over the principal to the two daughters of the testator, share and share alike. "Fifth. I give and bequeath to my friend, Albertina M. Jones, of said Greenwich, five thousand (5,000) dollars in cash,

one hundred and fifty (150) shares of stock of Butler Brothers, and my canary diamond solitaire ring, absolutely and forever." By the ninth clause of the will, all the rest and residue of the testator's estate was given to the Fidelity Title and Trust Company, in trust to pay at first the income thereof and finally the principal, share and share alike, to the testator's two daughters.

The testator's wife, Latcher Otte, died in 1918 before the death of the testator. Both of the testator's daughters Velma A. Young and Viola M. Close are married and are living.

The questions reserved for the advice of this court are stated as follows: "1st. Whether under the third article of said will, the defendants, Velma A. Young and Viola M. Close, are each entitled to 125 shares of the stock of said Butler Brothers of the present par value of $20 a share, or are each entitled to 625 shares of said stock. 2nd. Whether, under the fifth article of said will, the defendant Albertina M. Jones is entitled to 150 shares of the stock of said Butler Brothers of the present par value of $20 a share, or is entitled to 750 shares of said stock."

*Frank P. Barrett,* for the plaintiff.

*Frederick C. Taylor,* for the defendant Albertina M. Jones.

*William S. Hirschberg,* for the defendants Velma A. Young and Viola M. Close.

BEACH, J. The claim of Albertina M. Jones, legatee under the fifth clause of the will, is that the bequest to her of one hundred and fifty shares of Butler Brothers stock is descriptive of shares of the par value of $100

each, as they existed at the date of the will; each of which shares was afterward split up into and is now represented by five shares of stock of the par value of $20 each; and that she is entitled to seven hundred and fifty of such shares.

The claim of the testator's daughters, who are the present beneficiaries under the third clause of the will, and also the beneficiaries under the residuary clause, is that the bequests of two hundred and fifty shares in the third clause and of one hundred and fifty shares in the fifth clause, are to be construed as gifts of like numbers of such shares as they existed at the death of the testator, and will be satisfied by the delivery of the stated number of shares of the present par value of $20 each.

The principal claims made on behalf of the daughters are that these legacies are general legacies; that the will speaks from the death of the testator; and that the testator's failure to make any change in his will, after the par value of the stock had been reduced, is strong evidence that he acquiesced in the consequent diminution of the intrinsic value of the original bequests.

On the other hand, Mrs. Jones' claims are that the legacies are specific, and, though specific, there was no ademption because the change in the stock was purely formal; that even if general, the rule that the will speaks from the death of the testator does not apply to the terms in which the testator describes the subject-matter of the bequests, and that, whether general or specific, the intent of the testator was to give a definite number of such shares of Butler Brothers as existed at the date of the will.

We take up first the question whether the bequests are general or specific. It seems to be well settled that a bequest of shares of stock in a named corporation will be treated as a general legacy unless a contrary

intent appears from the will. Two reasons are given for this; to prevent an ademption in case the testator parts with the stock before his death, and to secure uniformity of contribution in case of a deficiency of assets. *Dryden* v. *Owings*, 49 Md. 356; *Johnson* v. *Conover*, 54 N. J. Eq. 333; *Giddings* v. *Seward*, 16 N. Y. 365; *Ives* v. *Canby*, 48 Fed. 718; *Perry* v. *Maxwell*, 17 N. Car. (2 Dev. Eq.) 488.

This rule, like most rules for the construction of wills, is a device for securing uniformity of decision, and for giving effect to the probable intent of the testator, when the will fails to give any sufficient indication of his actual intent. Necessarily the rule yields to the testator's intent, when that can be gathered from the will. The stock illustration given in the books is that a gift of "100 shares of stock of the A. B. Company," standing by itself, will be treated as a general or pecuniary legacy, to be paid in shares of the named stock; but that a gift of 100 shares of "my stock" in the A. B. Company is a specific legacy.

The decisions go much further than that. Thus a provision against ademption is held to be sufficient evidence of an intent to make a specific gift. *Mowry, Petitioner*, 16 R. I. 514; *In re Foote*, 39 Mass. (22 Pick.) 299. A direction to the executor to make good in cash any deficiency of such shares which may exist at the testator's death is enough, for this shows that the testator realized that "on a failure of the stock," the legatee would lose, in whole or in part, the legacy in the absence of a preventive provision. *Townsend* v. *Martin*, 7 Hare, 471. So a provision that in case the testator should not have sufficient stock of the kind named, the executor shall make up that amount, is held to make the legacy specific, *where the testator still owned sufficient stock at the time of his death;* "The reference to the *corpus* is clear and direct; and if that

*corpus* shall be found amongst his assets, he gives a certain portion of it, referring clearly to his possession of it at the time of his death." *Fontaine* v. *Tyler*, 9 Price, 94, 103; *Queen's College* v. *Sutton*, 12 Simons, 521. In the *Fontaine* case, the Lord Chief Baron adds, on p. 104: "I admit, however, that if the testator had not had 10,000*l.* in the stock specified, at the time of his death, it would have been in that case a pecuniary legacy beyond all doubt."

In *White* v. *Winchester*, 23 Mass. (6 Pick.) 48, the testator owned the exact amount of stock in several corporations which he gave in trust for the support of a school; and it was held that this indicated that the testator intended to give the specific stock owned by him at the date of the will. In *Kermode* v. *Macdonald*, 1 L. R. Eq. 457 (affirmed in 3 L. R. Ch. App. 584), it was held that a gift of three hundred pounds sterling "invested . . . in the General Steam Navigation Company . . . shares" was a specific bequest, and the fact that in the same clause, the testatrix gave both stock and money was regarded as an indication that the testatrix did not intend the gift of stock as a general or pecuniary legacy, but as a specific legacy of the stock then owned by her. Conversely, it was held in *Sherman* v. *Riley*, 43 R. I. 202, 110 Atl. 629, that a gift of shares of stock contained in the same clause with gifts of specific chattels was, for that reason, a specific legacy.

There are a vast number of decisions on the subject, many of them collected in a note to *Re Snyder's Estate*, 11 L. R. A. (N. S.) 49 (217 Pa. St. 71, 66 Atl. 157). And while it is impossible to reconcile them, because the question is always one of the testator's intent in the particular case, the apparent inconsistency is due in part to the fact that a number of States have adopted section 24 of the English Wills Act, which requires

that every will shall be construed, with respect to the real property and personal property comprised in it, to speak and take effect as if it had been executed immediately before the testator's death, unless a contrary intention shall appear by the will; and in some jurisdictions, the statutory requirement is that it shall be so construed unless a contrary intention "shall expressly appear by the will."

Nevertheless the cases, some of which are from jurisdictions where such a statutory requirement is in force, fairly support the proposition that, while the rule relied on by the residuary legatees is generally applied when it is necessary to do so in order to save the legacy from ademption, "a very slight indication of an intention to give shares then in his ownership is enough to make the legacy specific," in a case where the testator continued to own the shares until his death. *Thayer* v. *Paulding*, 200 Mass. 98, 101, 85 N. E. 868, quoted with approval in *Gardner* v. *Viall*, 36 R. I. 436, 444, 90 Atl. 760.

In the case before us, the reasons commonly given for preferring to treat a legacy of stock in a named corporation as a general legacy, do not exist; nor is there any statute similar to the twenty-fourth section of the English Wills Act in force in Connecticut. We are therefore bound to give effect to any discoverable indication of the testator's intent which appears in the will, when read in the light of the circumstances under which it was executed.

It seems clear that the testator must have intended by the words "shares of stock of Butler Brothers" to refer to such shares as then existed; namely, shares of the par value of $100, for, at the time the will was executed, there were no other shares which answer that description. It is also more probable than otherwise that he intended to refer to the shares which he

then owned, and in which, as the statement of facts shows, he had confidence. In the third clause of the will, this intent is strongly reinforced, not only by the fact of a provision against ademption which is justly and generally held to be a sufficient indication that the testator intended to make a specific gift, but also by the words in which the provision against ademption is expressed—"or its equivalent in cash at the time of my decease in case I should not then be the owner of said stock." This language seems to make it clear that he is referring to the particular stock, described as "said stock," which he then owned.

In the fifth clause of the will, the same descriptive words are used as in the third clause, "shares of stock of Butler Brothers," and we see no reason why the usual presumption, that identical descriptive terms contained in the same will are intended to refer to the same subject-matter, should not have its effect. The fact that the fifth clause contains no provision against ademption is accounted for by the natural desire of the testator to guard with greater care against a possible failure of the provision made for his wife and daughters, than against a possible failure of a gift to a legatee described as "my friend." There is nothing in the will which would justify us in holding that the testator intended to use the words, "shares of stock of Butler Brothers," in one sense in the third clause, and in a different sense in the fifth clause.

Moreover, in the fifth clause, as in the third, the gift of stock is accompanied by a pecuniary legacy in addition thereto, and this of itself is very properly held to be an indication that the testator intended to make both a specific and a pecuniary gift.

Again, looking at the testator's scheme for the distribution of his estate, we find that at the date of the will, he owned six hundred and sixty shares of Butler

Brothers stock, evidently regarded by him as a sound income producing investment. He leaves two hundred and fifty shares in trust for his wife, with remainder to his daughters, and one hundred and fifty shares to Mrs. Jones, thus apportioning nearly two thirds of this considerable fraction of his estate to named legatees. If these were treated as general legacies, and therefore to be satisfied by like numbers of the new shares of $20 par value, the intrinsic value of the equitable interest in the assets of the corporation thus disposed of would be cut down to one fifth of that called for by the words used when the will was executed. This would defeat the testator's scheme of distribution, and incidentally we think it would also defeat the real purpose of the rule on which the residuary legatees rely. For these reasons, we hold that the legacies of Butler Brothers stock in the third and fifth clauses of the will are specific legacies. Although specific, these legacies were not adeemed by the subdivision of each of the original shares of the par value of $100 into five shares of the par value of $20 each. The case of *In re Clifford*, 1 Ch. Div. (1912) 29, is directly in point. In that case the reduction of the par value of the original shares was accompanied by a change in the name of the corporation, and it was claimed that a specific legacy of original shares was thereby adeemed. On this point Swinfen Eady, J., after quoting Cozens-Hardy, M. R., in *In re Slater*, 1 Ch. Div. (1907) 665, said: "I find the twenty-three shares bequeathed by the will changed in name and form only, but substantially existing in their subdivided form, and each original share traceable into its four subdivided shares. The subject-matter of the bequest remains in substance, though changed in name and form. There is therefore no ademption, and ninety-two of the new shares, identical in all but name and form with the twenty-

three original shares, pass by the bequest." See *Jacobs* v. *Button*, 79 Conn. 360, 65 Atl. 150.

It is of course true that a will speaks as of the date of the testator's death, for it does not speak at all until then, but the cases cited sufficiently illustrate the fact that a specific legacy of shares of stock owned by the testator at the date of the will necessarily refers to the shares then existing. As to the argument derived from the testator's failure to change his will after the par value of the stock was reduced, it is enough to say that if we have correctly interpreted the testator's original intent, he might well suppose that there was no occasion to make any change.

To the first question, we answer that under the third article of the will the defendants Velma A. Young and Viola M. Close, are each entitled to six hundred and twenty-five shares of the stock of Butler Brothers. To the second question, we answer that under the fifth article of the will the defendant Albertina M. Jones is entitled to seven hundred and fifty shares of the stock of Butler Brothers.

No costs will be taxed in this court in favor of either party.

In this opinion the other judges concurred.