## MICHAEL A. PARLATO v. FREDERICK M. McCARTHY, EXECUTOR (WILL OF ROYAL W. PINNEY)

SUPERIOR COURT        NEW HAVEN COUNTY        FILE No. 68986

Memorandum filed June 6, 1947.

*Frederick H. Wiggin* and *Katherine Tilson*, of New Haven, for the Plaintiff.

*David M. Reilly*, of New Haven, for the Defendant.

MURPHY, J. The question involved in this case is one that would ordinarily be raised in an action by the executor for the construction of the will. He did not do so, as he quite apparently should have, if the allegations of his special defense are to be taken at their face value.

The plaintiff, a legatee, brings this action to compel the defendant executor to pay the legacy. The defendant admits the salient and essential allegations of the complaint and amendment. By special defense he alleges that certain parties who take the residue of the estate are interested and that he cannot deliver the shares of stock bequeathed because the legacy is indefinite and uncertain.

The testator bequeathed the plaintiff one thousand shares of American Tobacco Company stock. When the will was executed and a little more than a year later, when he died, he owned but five hundred shares of stock in this company. These were class B stock. The company also has two other classes of stock.

If there was any uncertainty in the mind of the executor as to the intent of the testator he should have brought an action to construe this provision of the will. As the necessary facts appear in the pleadings, admitted in the answer or by the demurrer, this court will proceed in this instance as though the action was for a construction of the fifth article of the will.

A bequest of shares of stock in a named corporation will be treated as a general legacy unless a contrary intent appears from the will. *Fidelity Title & Trust Co.* v. *Young,* 101 Conn., 359, 363. Unless the will taken as a whole shows that the legacy is specific, a bequest of stock in a named corporation is a general legacy. *Griffith* v. *Adams,* 106 Conn., 19, 23. Consideration of the entire will and the absence of any words to indicate ownership of any specific shares support plaintiff's claim that this is a general legacy. It seems obvious that it was the intent of the testator to bequeath the plaintiff one thousand shares of the class of stock which he owned. The estate is more than sufficient to pay all of the legacies bequeathed by the testator and all taxes, debts, claims, fees, charges and expenses. That those who take under the residuary clauses of the will have an interest therein does not preclude the court from determining this matter. An executor or administrator, in this state, as a fiduciary represents the rights of heirs, distributees and creditors. *Finnegan* v. *LaFontaine,* 122 Conn., 561, 567. There is no such ambiguity as to require extrinsic evidence of intent. That can be gathered from the will. *Trowbridge* v. *Trowbridge,* 127 Conn. 469, 474.

For the reasons stated, the demurrer to the first defense of the answer as amended by the answer to amendment to complaint and the demurrer to the second defense of the answer are sustained.