Belknap,
Oct. 5, 1909.

JEWELL & a., Ex'rs, v. APPOLONIO & a.

Where a will gives to divers persons certain sums "in bonds" of a named class, the total amount equaling the par value of such securities owned by the testator at the date of the will and at his decease, the legacies are not general, in the absence of evidence that they were intended to be so.

The title to bonds so bequeathed vests directly in the legatees, who are entitled to the income thereof for the first year after the decease of the testator.

PETITION, for the construction of the will of Edwin E. Beede. Facts found, and case transferred from the March term, 1909, of the superior court, by *Stone*, J., without a ruling.

By the second clause of his will the testator gave "the sum of $20,000, as follows: $5,000 in cash and $15,000 in Northern Pacific, Gt. Northern, C. B. & Q. collateral bonds." Other bequests are in similar form. In all they give $60,000 in these bonds—the amount the testator owned when the will was made and at his decease. The bonds were in $5,000 pieces and were redeemable at a price above their market value. The legacies were of $5,000 or multiples thereof.

*Jewell, Owen & Veazey*, for the executors.

*Bertram Blaisdell* and *George B. French* (*Mr. French* orally), for certain of the legatees.

*Leach, Stevens & Couch* (*Mr. Couch* orally), for the residuary legatees.

PEASLEE, J. The question presented in this case is whether by legacies of certain sums "in bonds" of a named class the testator intended to give those he then owned. The legacies are six in number, and their amount equals that of the bonds he held both when the will was executed and at his decease. The bequests are similar to those construed in *Drake* v. *True*, 72 N. H. 322. It was there said of two legacies of "ten shares in" a named bank: "As the testatrix was the owner of twenty shares of the stock of the National Mechanics and Traders Bank when she made her will, it is more probable than otherwise that she intended, in her bequests to her two nephews of ten shares each of the stock of that bank, to dispose specifically of the stock she then owned. A finding that she gave them twenty shares of the stock generally, whether she happened to be the owner of any at her decease or

not, could only be supported by evidence which is not disclosed by the case."

The same reasoning is applicable here. The case discloses no evidence to support a finding that the legacies were of the bonds generally. It is conceded that the sums named fix the amount, in par value, of the bonds bequeathed. This being true, there appears to be no substantial distinction between this case and the one cited. A bequest of ten shares in stock and one of a thousand dollars par value in bonds must fall within the same class, unless there is evidence of a different intention.

The cases cited from other jurisdictions, holding as matter of law that legacies of stock to the exact amount owned by the testator are general rather than specific, are in conflict with the New Hampshire rule. The question here is wholly one of intent; but that intent must be found from competent evidence. In the absence of such evidence of an intent to make legacies like these general, a finding that they were so could not be supported. The statement that any bonds of this issue would answer the description in these bequests begs the question. If the testator meant any bonds of this issue, the statement is correct. If he meant the bonds he owned, it is erroneous. The question is: "What did the language of the will mean to the" testator? *Chase* v. *Moore*, 73 N. H. 553, 555.

The argument that he did not wish these legacies to fail, and therefore they should be found to be general, might be urged against any specific bequest. If it were of controling force, it would have been given effect in *Drake* v. *True*, *supra*, where the legacies failed in part. It is true that the bonds might have been redeemed, but there was little probability that they would be. If the testator is to be presumed to have known that this might happen, it may also be inferred that he knew the event was not likely to occur, and that if it did he would have ample time to change his will before surrendering his bonds. In short, taking as far as possible the position of the testator, the conclusion is almost irresistible that he intended to give the bonds he owned.

As the testator intended to give these bonds to the legatees named, the title thereto, as in a gift of specified real estate, passed directly to the legatees. It never vested in the executors. For this reason the first year's income under our law belongs to the legatees. It is not necessary now to determine whether the bequests fall definitely under the technical definition of specific legacies. *Hayward* v. *Spaulding*, *ante*, 92.

*Case discharged.*

All concurred.