EDWARD A. SHERMAN, Admr., *vs.* ELIZABETH H. RILEY
*et al.*

JULY 8, 1920.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

(1)  *Specific Legacies.  Wills.*

Where a testator bequeathed to his widow a specific number of shares of stock
in two corporations and a specific number of bonds in another corporation,
and at the time of the execution of the will and at his decease owned the
exact number of bonds and at the time of executing the will owned the
exact number of shares in one corporation and at his decease owned the
original number and also certain other shares which he acquired later and
at the time of executing the will and at his decease owned more than the
number of shares bequeathed in the other corporation, the bequest being
closely associated in the same clause with other gifts clearly specific, all of
the bequests being in lieu of dower, the will shows an intention to make a
specific bequest of the stocks and bonds.

(2)  *Wills.  Bequest in Lieu of Dower.*

Where a testator makes a bequest to his widow in lieu of dower he gives her a
legacy which has a preference over all other gifts and in this respect the
gift resembles a specific rather than a general legacy although the court
does not hold that such a gift is for that reason specific, but it is a fact to be
considered in arriving at the testator's intention.

(3)  *Wills.  Legacies in Lieu of Dower.*

Under Gen. Laws, cap. 254, § 25, a legacy in lieu of dower must be satisfied
in preference to all other gifts.

(4)  *Wills.  Legacy in Lieu of Dower.  Abatement.*

A widow by accepting a provision in lieu of dower and of the right to par-
ticipate in the distribution of his personal estate becomes a purchaser for
valuable consideration and entitled to receive all given her by the will,
although other legacies are required to abate.

(5)  *Wills.  Dividends on Specific Legacies.*

The executor is entitled to the dividends on a specific legacy of the capital
stock of a corporation, including the stock dividends declared before the
death of the testator but payable thereafter.

(6)  *Wills.  Interest on Bonds.*

Whenever interest is payable at stated intervals, not in advance but after it is
earned, as on coupon bonds, it goes to the person who owns the bond when
the interest is payable.

BILL IN EQUITY.  Certified under Gen. Laws, 1909, cap.
289, § 35.

RATHBUN, J.  This is a bill in equity brought in the
Superior Court by the complainant as administrator *d. b. n.*

*c. t. a.* of the estate of John R. Caswell to obtain a construction of certain provisions of the will of said John R. Caswell. The case being ready for hearing for final decree was certified to this court for determination under the provisions of Section 35, Chapter 289 of the General Laws of 1909.

The bill alleges that a question has arisen as to the true intent and meaning of a portion of the second clause of the codicil of said will, which portion reads as follows: "I further give and bequeath unto my said wife, Mary E. Caswell, one hundred and seventy-one shares of the stock of the General Electric Company, three bonds of the Southern Pacific Railroad Company of five hundred dollars each, one hundred and eighty shares of the capital stock of the North American Company, . . . "

The bill avers that the following questions have arisen under said provisions:

1. Whether the gift of the shares and bonds to the said Mary E. Caswell under the terms of said will and codicil, constitute a general or a specific legacy.

2. If the same or any of them be specific legacies, who is entitled to the interest and the dividends, including stock dividends accruing or arising from the same prior to the death of the testator but payable thereafter.

3. If the same or any of them be general legacies, who is entitled to any interest and any of the said dividends, including stock dividends accruing or arising from the same within a year after the death of the testator.

4. Whether any of said interest in the said dividends, including stock dividends is apportionable, and if so, how is the same apportionable?

All parties interested are represented. John C. Riley, an infant under the age of twenty-one years, by his guardian *ad litem*, submits his interests to the protection of the court. Albert Kerr was appointed to represent all contingent and unascertained interests and submits all such interests to the protection of the court. The testator's widow, Mary E. Caswell, answers admitting the allegations in the bill, joins in the prayer for construction and contends that the gifts

to her of shares of stock and bonds constitute a specific legacy. The other respondents answer admitting the allegations in the bill, join in the prayer for construction and contend that said gifts constitute a general legacy. From the testimony it appears (1) that the testator at the time the codicil was executed and at the time of his decease owned exactly three bonds and no more of the Southern Pacific Railroad Company; (2) that at the time the codicil was executed the testator owned exactly 171 shares of the stock of the General Electric Company and that at the time of his decease he owned the original 171 shares and also certain other shares which he acquired after making the codicil; (3) that the testator at the time the codicil was executed and at the time of his decease owned more than 180 shares of the North American Company.

In the textbooks and decisions may be found many expressions to the effect that courts do not favor specific legacies and that a legacy will be held to be general unless something is found to indicate that the testator intended to make a specific bequest. But, as the court said in *Thayer* v. *Paulding*, 200 Mass. 98, quoted with approval by this court in *Gardner* v. *Viall*, 36 R. I. at 444: "A very slight indication of an intention to give shares then in his ownership is sufficient to make the legacy specific in a case like this."

It appears that the testator bequeathed to his wife all of the Southern Pacific Railroad Company bonds and all of the General Electric Company stock which he owned at the time the codicil was executed. The fact that a testator bequeathed the same number of shares that he owned at the time of the execution of the codicil has been held to indicate an intention on his part to make a specific gift by disposing of the identical stock which he then owned. In *Martin, Petr.*, 25 R. I. 17, this court used the following language: "Undoubtedly the fact of the testatrix having an odd number of shares of the Ashland Cotton Company at the date of her will and at her death, exactly corresponding with the number given away, was a circumstance to be

taken into account, and that taken in connection with all the circumstances of this particular will satisfy us that the testatrix intended that the legatee under the twelfth section was to have that particular stock." See *White* v. *Winchester*, 6 Pick. 48; *Foote* v. *Worthington*, 22 Pick. 299; *Drake* v. *True*, 72 N. H. 322; *Jewel* v. *Appolonio*, 75 N. H. 317. See also *Gardner* v. *Viall*, 36 R. I. at 444, which case reviewed the Rhode Island decisions.

The weight of authorities, however, appears to hold a bequest of stocks or bonds which are not designated in any manner in the will, as for example, "my stock," "stock standing in my name," a general bequest, where nothing appears to show a contrary intention, even although the testator owned at the time the will was executed securities of the kind specified of a larger number of shares or of a larger amount or even of the same number of shares or the same amount as bequeathed (see cases cited in 40 Cyc. 1875) and there are decisions which hold that such distinguishing words or phrases are not always sufficient to constitute a specific legacy.

In *Mahoney* v. *Holt*, 19 R. I. 660, the testator made bequests of shares of stock to different individuals, using in each bequest the following language: "I give and bequeath to . . . shares of the common stock of the United States Rubber Co., now owned by me and standing in my name on the books of said company." At the time the will was made the testator owned more of said shares than he disposed of by these legacies and bequeathed the rest and residue of said shares to a trustee. Not only was there no residue at the time of the death of the testator but he did not own a sufficient number of shares to satisfy the other legacies. The court referred to General Laws of 1896, Chapter 203, § 6, which provided as follows: "Sec. 6. Every will shall be construed, with reference to the real estate and personal estate comprised in it, to speak and take effect as if it had been executed immediately before the death of the testator, unless a contrary intention shall expressly appear by the will.", and held, following *Pearce* v. *Billings*,

10 R. I. 102, that the bequests were not gifts of specific stock but pecuniary legacies to be measured by the value of the stock one year after the testator's decease, or at the time of payment, if payment should be made within one year.

It has been held that a gift of money and stock in the same bequest indicates an intention to make a specific gift of the stock. See 40 Cyc. 1876. In *New Albany Trust Co. et al.* v. *Powell et al.*, 29 Ind. App. 494, the testator made the following bequest: "To my grand daughter, Willie Trow Foster, the sum of $5,000. in money, and 200 shares of the capital stock of the Madison Gaslight Company of Madison, Indiana." At the time the will was executed the testator was the owner of 259 shares of the capital stock of the Madison Gaslight Co. At the time of his death he owned but 100 shares. The court held the gift to be a specific legacy.

It is the duty of the court regardless of the particular words or phrases found in the will to so interpret the instrument as to give effect to the testator's intention so far as that intention can be discovered from an examination of the whole will. The second clause of the codicil commences as follows: "I hereby revoke and annul the provisions set forth in the Ninth clause of my said will and in lieu thereof, I give and bequeath unto my wife, Mary E. Caswell, the several articles herein designated in the following named rooms in my home situate on Bull Street in said City of Newport, namely:". (Here follows a long list of specific articles, the testator identifying many articles of furniture by numbers which they bore and the rooms in which they were located.) The clause proceeds: "I also give and bequeath unto my said wife, Mary E. Caswell, one-half of all dining room silver." Here follows another list of specific articles, followed by the language: "I further give and bequeath unto my said wife, Mary E. Caswell, one hundred and seventy-one shares of the stock of the General Electric Company, three bonds of the Southern Pacific Railroad Company of five hundred dollars each, one hundred and eighty shares of the capital stock of the North American

Company, and such automobile as I may own at the time of my decease."

It will be observed that the gift of 180 shares of the North American Company is closely associated with specific gifts and is a part of the gift by which are bequeathed the 171 shares of the General Electric Company, three bonds of the Southern Pacific Railroad Company and such automobile as he may own at the time of his decease.　All other gifts to his wife being specific is it not reasonable to presume that the testator intended the gift of 180 shares of the North American Company, 171 shares of the General Electric Company and three bonds of the Southern Pacific Railroad Company to be also specific?　Courts have recognized the rule that there is a presumption that the testator intended a gift to be specific when that gift is closely associated in the will with other gifts that are clearly specific to the same legatee.　In *Pratt* v. *Pratt*, 1 Ch. Div. 493 (1894), the court said: "Questions like this, as to whether a legacy is demonstrative or specific, are very often difficult to answer; and I do not think it is by any means clear in this will; but the conclusion I come to is that there is a specific legacy in each case of the Consols.　One thing that weighs with me strongly is the fact that these three gifts of Consols are throughout the will associated with a number of other gifts which are, as to three or four of them, clearly specific; as to three others—the gift of certain sums out of rents—it is more difficult to say they are specific, strictly speaking; but they are not general legacies, most certainly; and they are not demonstrative legacies, because if the *Singleton* property did not produce the total amount of these sums, the deficiency could not be made up from the general estate; and these gifts, therefore, of particular sums out of the income of the *Singleton* property, I will not say are specific legacies, but are something in their nature very like specific legacies. The result, then, is this, that in all the cases where particular gifts are given by way of legacy they are either themselves specific, or something very like specific bequests; that is an ingredient that I cannot ignore."

In *Hill* v. *Hill*, 11 Jur. N. S. 806, the testator devised a certain number of shares of the stock—less than he owned—and included in the same bequest other gifts which were clearly specific. The court holding that the gift of stock was also a specific gift, said: "Therefore, as to the Wheal Agar shares, the bequest is clearly specific, and the sound conclusion is, that the three bequests being mixed in one gift, they are specific also." The court quoted as follows, from the case of *Bethune* v. *Kennedy*, 1 My. & C. 114, the language of Earl Cottenham: "After a specific bequest of a part of the stock which the testatrix had, there is here a gift of all she did or might possess in the funds, copy or leasehold estates, to her dear sisters. Now, as to the copyhold or leasehold estates, it is not disputed that the gift is specific. If so, why should it also not be specific with respect to the funds? The intention, it is reasonable and natural to presume, must have been the same with respect to both descriptions of property, . . . . The true test by which to try whether a bequest is or is not specific, is to inquire what would be the result if there had been pecuniary bequests with a deficient fund, or a necessity for a sale for payment of debts."

The bequests to the testator's wife are immediately followed by the clause: "I make the foregoing several bequests unto my said wife in lieu of all right or claim of dower in and to all my real estate and in lieu of such right of distribution as she may have in and to any of the personal property belonging to me over which I may have power of disposition at the time of my decease."

(2) Section 25, Chapter 254, General Laws, 1909, provides as follows: "Sec. 25. When property that is given by will is taken from a devisee or legatee for the payment of debts of the testator and charges of settling his estate, all the other devisees, legatees and heirs, excepting the widow when the devise or bequest is made in lieu of dower, shall contribute their respective proportions of the loss to the person from whom such property is taken, so that the loss may fall equally on all the devisees and legatees according to the

value of the property received by each, except as provided in the following section."

(3) The effect of this statute is that a legacy in lieu of dower must be satisfied in preference to all other gifts. Regardless of the above statute the rule is well settled that a widow by accepting the terms of her husband's will thereby relinquishing her right of dower and right to participate in the distribution of his personal estate becomes a purchaser for valuable consideration and entitled to receive all that has been given her by the will even although other legacies are required to abate. In *Carper* v. *Crowl*, 149 Ill. 465, the testator gave to his wife certain real estate and personal property during her natural life or so long as she remained (4) his widow. Quoting *Isenhart* v. *John*, 1 Edw. Chanc, 413, the court said: "It is the price put by the testator himself upon the right, and which she is at liberty to accept. Her relinquishment of dower forms a valuable consideration for the testamentary gifts. In this point of view she becomes a purchaser of the property left to her by the will, so, on the other hand, the husband offers a price for his wife's legal right of dower which he proposes to extinguish, and if she agrees to the terms, she relinquishes it and is entitled to the price." See also *Blatchford* v. *Newberry*, 99 Ill. 62. In *Richardson* v. *Hall*, 124 Mass. at 233, the court said: "So, if a legacy is founded on a good consideration, such as a widow's relinquishment of her right of dower, it will not abate with mere beneficiaries, for the widow takes as a purchaser, and it must be presumed that the testator intended first to satisfy the legal claim on his estate," citing *Towle* v. *Swasey*, 106 Mass. 100; *Pollard* v. *Pollard*, 1 Allen, 490.

The wife had certain rights in the testator's estate. In making provision for her he sought to bargain for those rights. He gave her a legacy which has a preference over all other gifts. In this respect the gift resembles a specific rather than a general legacy. We do not hold that a gift in lieu of dower is for that reason specific but it is a fact to be considered in arriving at the testator's intention.

It is our opinion, gathered from the whole will, that the testator has expressed an intention to make a specific bequest to his wife of all of said stocks and bonds.

Our answer to the first question is that "the gifts of the shares and bonds to the said Mary E. Caswell under the terms of said will and codicil constitute" a specific legacy.

As to who is entitled to dividends, including stock dividends, declared before the death of the testator but payable thereafter involved in the second question, Clark and Marshall on Private Corporations, Vol. 2, p. 1613, states the rule as follows: "A legatee of shares of stock is entitled to all dividends declared after the testator's death, although out of profits earned before, but he is not entitled, unless by express provision in the will, to dividends declared before the testator's death, although not payable until afterwards. Such dividends form part of the *corpus* of the estate, and go to the executor." See 7 R. C. L. p. 292, § 267; 14 Corp. Jur. § 1241; 40 Cyc. 1880. See also *Union Screw Co.* v. *American Screw Co.*, 11 R. I. 569, 13 R. I. 673.

(5) Our answer is that the executor is entitled to the dividends, including stock dividends, declared before the death of the testator but payable thereafter.

Immediately on the death of the testator title to the stocks and bonds passed to the widow, Mary E. Caswell. No information is furnished by either the bill or testimony as to when or how interest on the bonds is payable. It may be stated generally that whenever interests is payable at stated intervals not in advance but after it is earned, as on coupon bonds, such interest goes to the person who owns the bond when the interest is payable. 7 R. C. L. p. 292, § 267.

(6) The third question requires no answer.

The fourth question is answered in the negative.

The parties may present to this court a form of decree in accordance with this opinion.

*Hugh B. Baker*, for complainant.

*Max Levy*, for Mary E. Caswell.

*Sheffield & Harvey*, for other respondents.