In the Matter of the Estate of CAROLINE A. EASTMAN, Deceased.

Surrogate's Court, New York County, June 21, 1939.

*Strang & Taylor*, for the petitioner.

*Whitman, Ransom, Coulson & Goetz*, for the administratrices.

DELEHANTY, S. When deceased executed her will she owned 3,000 shares of Standard Oil of New Jersey stock and 2,300 shares of Standard Oil of California stock. She continued to hold these shares until she died. By her will she provided: " I give and bequeath to my cousin, Linnie A. Huber, 1500 shares of common stock of Standard Oil Company of New Jersey and 1000 shares of common stock of Standard Oil Company of California." The question presented is whether or not the dividends which were declared by these respective companies between the date of death and the date when the legacies became payable belonged to the legacy or to the general estate. Solution of that question requires determination whether the text of the will effects a specific legacy.

The classic definition of a specific legacy is found in *Crawford* v. *McCarthy* (159 N. Y. 514, 519), where the court says: " A specific legacy is a bequest of a specified part of a testator's personal estate distinguished from all others of the same kind." Presumably deceased had thirty or more certificates for shares of the Standard Oil of New Jersey and twenty-three or more certificates for shares of the Standard Oil of California. The will makes no reference to any particular certificate of either company. It makes no disposition to others of the balance of the shares of the same companies owned by deceased at the date of death. The shares are shares in companies which are substantially public companies. The shares are of a sort dealt with substantially as commodities on stock exchanges. There is here no earmarking of any kind. None of the cases which deal with shares of family or private corporations are here applicable.

Mr. Surrogate HENDERSON in *Matter of Liell* (139 Misc. 513) examined the authorities at considerable length. His discussion of them illuminates the subject-matter and need not here be repeated. As was pointed out by him in relation to the facts in the case before him, a legacy may not be deemed to be specific when it is impossible for any one to determine what precise subject-matter is to be deemed segregated to satisfy the legacy. The case of *Tifft* v. *Porter* (8 N. Y. 516) is here precisely in point. The prevailing opinion in that case said: " The mere possession by the testator at the date of his will of stock of equal or larger amount than the legacy, will not of itself make the bequest specific." Later cases have been said to have weakened the authority of this case but the Court of Appeals has never expressly overruled it nor said that it is no longer applicable in a case where the facts are the same.

It is held by the court to be here controlling. (To the same effect see *Giddings* v. *Seward*, 16 N. Y. 365; *Matter of Lendle*, 250 id. 502; *Matter of Martin*, 252 id. 582; *Matter of Delaney*, 133 App. Div. 409; affd., 196 N. Y. 530; *Matter of Strasenburgh*, 136 Misc. 91.)

The dividends declared upon the shares during the period of administration are property of the general estate. The legatee has no interest therein. Submit, on notice, decree accordingly.