MARJORIE M. BUTLER AND JEAN M. WEBB

*vs.*

HARRY E. DOBBINS, LEGATEE AND EXECUTOR UNDER THE WILL·
OF ROSE D. MANSUR.

Aroostook.    Opinion, May 27, 1947.

*Doherty & Roach,* for plaintiffs.

*Scott Brown,*

*James C. Madigan,* for defendant.

SITTING: STURGIS, C. J., THAXTER, MURCHIE, FELLOWS, JJ.

THAXTER, J.    The plaintiffs brought a bill in equity for the

construction of the third and fourth paragraphs of the will of Rose D. Mansur late of Houlton. From a decree which sustained the bill and the contentions of the plaintiffs with respect to the will, the defendant has appealed. There is no dispute as to the facts.

The plaintiffs were the daughters of Walter P. Mansur, the husband of the testatrix by a former marriage; the defendant, who is the executor and residuary legatee under her will, was her brother. The third and fourth clauses of the will and the tenth clause which disposes of the residue read as follows:

"*Third*—To Jean Webb, daughter of my late husband, I give and bequeath my diamond engagement ring, and also twenty-one (21) shares of the capital stock held by me in The First National Bank of Houlton."

"*Fourth*—I give and bequeath to Marjorie Butler, daughter of my late husband, twenty-one (21) shares of the capital stock held by me in the First National Bank of Houlton."

"*Tenth*—All the rest, residue and remainder of my estate, real, personal and mixed, wherever found or however situated, now owned or hereafter acquired, I give, bequeath and devise to my brother, Harry E. Dobbins, to have, to hold to him and his heirs and assigns forever."

The will was executed November 29, 1940; and the testatrix died May 3, 1945. When the will was executed, Mrs. Mansur owned sixty-five shares of stock in The First National Bank of Houlton of a par value of $100 and worth approximately $200 per share. On August 11, 1944, nearly four years after the execution of the will and about nine months before the death of the testatrix, the bank declared a stock dividend and the stockholders received one share of stock for each three shares held. The testatrix, without paying any new money, received twenty-one and two-thirds new shares which she held at the time of her death with the sixty-five which she originally had.

The plaintiffs claim that the bequest of the twenty-one shares of stock to each of them was a specific bequest. If so, there would pass to each of them the seven additional shares which would represent the stock dividend on the original twenty-one shares. *Chase Nat. Bank* v. *Deichmiller*, 107 N. J. Eq., 379, 152 A., 697. They each also claim the sum of $280 which amount represents dividends declared after the death of the testatrix on July 11, 1945 and January 2, 1946 on the twenty-eight shares. See *Perry* v. *Leslie*, 124 Me., 93, 95-96, 126 A., 340. Both the stock and such cash dividends belong to them if the bequests made under the third and fourth clauses of the will are specific.

A will speaks only from the death of the testator. The primary duty of the court is to discover a testator's intent. That must be found from the language which he has used in the will, which in cases of doubt may be interpreted in the light of conditions existing at the time the will was made. *Palmer* v. *Estate of Palmer*, 106 Me., 75 A., 130, 19 Ann. Cas., 1184, 25; *Gorham, Adm.* v. *Chadwick et al*, 135 Me., 479, 200 A., 500, 117 A. L. R. 805.

We are satisfied that the intention of the testatrix under the third and fourth clauses of her will was to make a specific bequest of twenty-one shares of stock in the bank to each of her two stepdaughters. She refers to twenty-one shares of stock "held by me." That language refers to the stock which she held at that time. It is apparent that by the third and fourth clauses and the residuary clause she intended to dispose of her entire interest in The First National Bank of Houlton and made provisions which would divide it as nearly equally as was feasible between her two stepdaughters and her brother. In this respect this case is akin to *Gorham* v. *Chadwick*, supra, and is distinguishable from *Palmer* v. *Estate of Palmer*, supra; *Spinney* v. *Eaton*, 111 Me., 1, 87 A., 378, 46 L. R. A. (N. S.), 535; *Perry* v. *Leslie*, supra; and *Maxim* v. *Maxim*, 129 Me., 349, 152 A., 268, 73 L. R. A., 1244.

She was concerned with twenty-one shares only in so far as

they represented one third, or approximately that, of her interest in the bank; and to sustain the defendant's contention would result in the two stepdaughters receiving less than she intended them to have. Action taken by the bank in reorganizing its capital structure should not result in defeating the purpose of the testatrix.

This doctrine is in accord with that laid down in *Gorham* v. *Chadwick,* supra. It is true that in that case the testatrix intended to give to her legatee all of her stock in the bank. But what difference does it make that she intended to give it all to one person or all to three persons in approximately equal shares? The *Gorham* case, supra, therefore, in holding that the legacy was specific and that new stock substituted for the old would pass to the legatee supports the contention of these plaintiffs. If the intention of the testatrix is clear, it would seem to make no difference whether the substitution of new stock for the old took place before or after death; and the ruling of the New Jersey court in the case of *Chase Nat. Bank* v. *Deichmiller,* supra, cited with approval in the *Gorham* case, supra, so indicates.

That was a case involving a stock dividend declared before the testator's death but after his will was made. There was a bequest of eight hundred shares of stock in the F. W. Woolworth Co. At the time of the testator's death these eight hundred shares by reason of a fifty per cent stock dividend and a two and a half for one split up had increased to three thousand shares. It was held that the legacy, even though not of all the stock of the testator in the Woolworth Company, was specific and that the entire three thousand shares passed under the clause of the will which bequeathed eight hundred shares. The court said, page 382:

> "Obviously the thing which testator intended to give was not the mere paper certificates for eight hundred shares of stock, but the interest in the company which those shares represented."

The legacies with which we are here concerned were specific and the ruling of the sitting justice was correct in holding that the plaintiffs were each entitled, not only to the seven shares representing the stock dividend, but to the cash dividends paid after the death of the testatrix on the twenty-eight shares.

*Appeal dismissed.*
*Decree below affirmed.*