Edgar F. Hazleton, S.
The decedent, Robert P. Griffing, Jr., was a member of the New York State Bar for 50 years, a banker and highly experienced in the practice peculiar to *803 Surrogate’s Courts. He drafted his own will in which he provided for his stepson, James Lord, Jr., in this language:
‘ ‘ Eighth : — I direct my Executor hereinafter named, after the payment of funeral and administration expenses, charges and taxes against my estate and the bequests made herein before, to divide my said estate into two parts and pay:
“ (a) One part to my Trustee hereinafter named in trust, nevertheless, to pay all the income therefrom monthly to my wife, Mary F. Griffing, for and during her life, with power to her of invasion of the corpus of said trust for any purposes, to any extent and at any time.
“(b) One part to my said Trustee in trust, nevertheless, to pay all the income semi-annually therefrom to my said wife, Mary F. Griffing, and
“ (c) At her death to pay and deliver two hundred shares of General Electric Company stock to my step-son James Lord Jr. It is my desire that the said stock be such as I hold at the date hereof, or in the event there does not remain in my estate two hundred shares of said stock I direct that any deficiency be made up at the rate of Thirty-five Dollars per share.”
The will is dated January 20, 1953 and decedent died on January 7, 1956. Mary F. Griffing, the life beneficiary, died on June 7, 1956. At all times since August 31, 1944, decedent was the owner of at least 400 shares of General Electric Company stock.
As a result of what is commonly known as a “ stock split ”, the decedent on May 5, 1954, became the owner of two additional shares of stock of the General Electric Company for each share of stock he then owned — which increase in ownership of such stock was known to decedent prior to his death.
The stepson, James Lord, Jr., now claims that he is entitled to receive not only the 200 shares of stock mentioned in paragraph “eighth (c) ” of the will, but also the 400 additional shares which decedent had received as a result of the stock split, making 600 shares in all.
The petitioner, Robert P. Griffing, Jr., and Dorothy G. Leetch, who are the owners of the residuary estate of decedent under paragraph “ ninth ” of the will, claim they are entitled to receive the 400 additional shares of General' Electric stock and request this court to construe paragraph “eighth (c) ” of the will accordingly.
Reginald C. Smith, Esq., a partner of decedent, testified that in a previous will executed by decedent on August 31, 1941, decedent had provided for James B. Lord, Jr., in precisely the same language used in his last will and testament. A copy *804 of said will was received in evidence. Otis G. Pike, Esq., a former ward of decedent and the attorney who probated decedent’s will, testified that before decedent died he, together with decedent, went over each paragraph of his will which decedent reaffirmed and did not change in any respect. It should be noted and is significant that this conference was held after the 200 shares of General Electric stock had been trebled because of the stock split. The parol evidence was admitted only to show the facts and circumstances surrounding the execution of the will so as to aid the court in answering the construction question under consideration. Concededly, it is clearly the law that the terms of a will may not be changed by proof of what a testator stated as to his intent. (Matter of Smith, 254 N. Y. 283.) The problem before this court is solely to ascertain whether the bequest to respondent is general or specific.
The general rule is that specific legacies carry with them additional shares created by a stock split. (Matter of Hicks, 272 App. Div. 594.) And it is the law that where the language used in the will does not show an intent to give a particular thing to the beneficiary, distinguished and set apart from the rest of testator’s property, the legacy will be construed as general. (Tifft v. Porter, 8 N. Y. 516; Matter of Fitch, 281 App. Div. 65; cf. Matter of Jaynes, 3 Misc 2d 118, 122.) And a specific legacy will adeem if not in possession of the decedent at his death. (Matter of Fitch, supra; Matter of Hilpert, 165 Misc. 430.)
However, there is no suggestion by respondent that his bequest would have adeemed had decedent disposed of all of his General Electric stock prior to his death, or if the life beneficiary had exercised her power of invasion. Indeed it would not .have adeemed since the testator provided an alternative cash bequest of $35 per share in case of such disposition. As I read the rule it is that if any money of the estate will satisfy the directions of the will respecting the effectuation of the gift, the bequest is general. (Bliven v. Seymour, 88 N. Y. 469, 475; Matter of Baker, 146 Misc. 437, 440.)
Therefore, the question submitted is answered as follows:
The last will and testament of Robert P. Grilling provides that the trustee is to pay and deliver to James Lord, Jr., 200 shares of General Electric Company stock now held by the said trustee. The balance of such stock is to be turned over to the petitioners herein in accordance with paragraph ‘ ‘ ninth ” of the will.
Proceed accordingly on notice.