■ In the Matter of the Construction of the Will of ROBERT P. GRIFFING, Deceased. ROBERT P. GRIFFING, JR., et al., Respondents; JAMES LORD, JR., Appellant.— In a proceeding to construe the eighth and ninth paragraphs of testator's will, James Lord, Jr., a legatee and a stepson of the testator, appeals from a decree of the Surrogate's Court, Suffolk County, entered July 14, 1959, construing such paragraphs as entitling said legatee to 200 shares of stock in the General Electric Company and directing that the remaining shares of such stock now held by the testator's trustee be turned over to petitioners, who are the residuary legatees and the natural children of the testator. Decree modified on the law and facts: (1) by striking out the first ordering paragraph, and (2) by substituting therefor a provision construing said two paragraphs of the will as requiring the trustee to deliver to said legatee, James Lord, Jr., 600 shares of General Electric Company stock now held by such trustee, and as requiring the trustee to deliver the remaining shares of such stock to petitioners. As so modified, decree affirmed, with costs payable out of the estate to all parties filing separate briefs. Findings of fact insofar as they may be inconsistent herewith are reversed, and new findings are made as indicated herein. The testator, an attorney experienced in Surrogate's Court practice, drafted his own will in which he provided in subdivision " (c) " of paragraph " Eighth " that, upon the death of the life tenant, the trustee is: " to pay and deliver two hundred shares of General Electric Company stock to my stepson James Lord, Jr. It is my desire that the said stock be such as I hold at the date hereof, or in the event there does not remain in my estate two hundred shares of said stock, I direct that any deficiency be made up at the rate of Thirty-five Dollars per share." The will is dated January 20, 1953, and testator died on January 7,

1956. The life beneficiary died on January 3, 1959. At all times since August 31, 1944 testator had been the owner of at least 400 shares of General Electric stock. As a result of a "stock split," the testator on May 5, 1954 became the owner of two additional shares of such stock for each share of stock he then owned. Such increase in testator's stock ownership was known to him prior to his death. The stepson legatee claims that he is entitled to receive not only the 200 shares of stock mentioned in paragraph "Eighth, subd. (c)" of the will, but also the 400 additional shares (allocable to the said 200 shares) which testator had received by reason of the stock split, making 600 shares in all. The petitioners, who are the owners of the residuary portion of testator's estate under paragraph "Ninth" of the will, claim they are entitled to receive the 400 additional shares of the stock. The learned Surrogate construed paragraph "Eighth" of the will as providing for a general legacy to the stepson and thus entitling him to only 200 shares of the stock. In our opinion, the testator by this paragraph intended to create and did create a specific legacy, and hence all the avails of the stock split belong to the stepson legatee (*Matter of Hicks,* 272 App. Div. 594, affd. 297 N. Y. 924). Where a bequest contains words which imply or suggest that definite stock is intended, it will be regarded as a specific legacy (*Matter of Hicks, supra; Matter of Security Trust Co. of Rochester,* 221 N. Y. 213, 219–220). It is our opinion that the words "It is my desire that the said stock be such as I hold at the date hereof", carry such connotation (cf. *Chase Nat. Bank* v. *Deichmiller,* 107 N. J. Eq. 379). The further provision that "in the event there does not remain in my estate two hundred shares of said stock, I direct that any deficiency be made up at the rate of Thirty-five Dollars per share" is consistent with a specific legacy. Since such legacies are subject to ademption if the property is not in the possession of the testator at his death (*Matter of Fitch,* 281 App. Div. 65; *Matter of Jaynes,* 3 Misc 2d 118), it follows that if upon the life tenant's death no shares of said stock had remained in the estate the stepson legatee would have been precluded from claiming that the executor or trustee was required to purchase new shares of said stock in order to comply with the bequest. In that eventuality, the stipulated cash sum would serve as a substitute bequest. Furthermore, even if the bequest be construed as general, in view of the testator's prescription that "the said stock be such as I hold at the date hereof," the stepson legatee upon testator's death would be entitled to the number of shares (600) that would then constitute the same proportionate equity in the company as the number of bequeathed shares (200) had when the will was made (*Matter of Fitch, supra*). Petitioners' further contention that testator intended to benefit said stepson to the extent of only about $7,000 (200 shares at $35 a share in the event the stock did not remain in the estate), and not $48,000 (the current market value of 600 shares at about $80 a share), is untenable in view of the fact that at the time the will was executed the stock was selling at about $70 a share. Beldock, Acting P. J., Ughetta, Christ, Pette and Brennan, JJ., concur. [17 Misc 2d 802.]