SHRINERS HOSPITALS FOR CRIPPLED CHILDREN, a corporation, Respondent,

v.

Harry EMRIE, Jr., William C. Emrie, Jessie O. Emrie, Gladys Combs Shields, Louise Emrie Gossage, Thelma Bergfield, Jean Casteel, Lillian Olsen, Edna Symms, Thelma Wright, Daisy Woolley, Pendleton Goodall, Jr., Pendleton Goodall, Jr., Executor of the Estate of Margaret O. Goodall, deceased, Jessie M. Renard, Appellants,

Harry C. Emrie, Sr., Ginny Sue Wright, Moya Olsen Lear, Joy Olsen Pendegraft, Mary Lou Breyfogle, William Woolley, Mildred Head Schoenhals, Anna Bruce, William Dewey Bruce, Sophia Kenamore, Will Calvert, Vanila Calvert, Lucille Calvert, Martha Morrison, Mrs. J. Robyn, Richard E. Kohler, Jean Kohler, Mrs. A. L. Browne, Marie Walters, Marilyn Walters Youll, Louise Clem Anderson, Bessie Lindhorst, Jessie Pyle, Ruth Mayger, Charles A. Renard, Mary Ellen Nelson, Minnie Braun, Edward M. Anderson, Mrs. Edward M. Anderson, The Salvation Army, a corporation, High Ridge Fire Association in High Ridge, Missouri, a voluntary association, Children's Home Society of Missouri, a corporation, Bethesda Dilworth Memorial Home, a corporation, and Charles A. Renard and Otto R. Erker, Executors of the Estate of Nettie C. Bruce, deceased, Respondents.

No. 48461.

Supreme Court of Missouri.

Division No. 2.

June 12, 1961.

---

Mortimer A. Rosecan, Pendleton Goodall, Jr., St. Louis, for appellants.

Robert P. Smith, Washington, D. C., Foster & Vogel, St. Louis, for respondent, Shriners' Hospitals for Crippled Children.

Tralles, Hoffmeister & Gilpin, St. Louis, for respondent, Mary Ellen Nelson.

G. A. Buder, Jr., Richard O. Roberts, St. Louis, for respondent, The Salvation Army.

David E. Horn, David J. Tompkins, St. Louis, for respondent, Children's Home Society of Missouri.

William M. Ward, St. Louis, for respondent, Bethesda-Dilworth Memorial Home.

Lena Frank Oakley, David J. Stephens, St. Louis, for respondents, Ruth Mayger and Minnie Braun.

Cottrell Fox, St. Louis, for respondent, Sophia Kenamore.

Noel Robyn, Clayton, for respondent, Mrs. J. Robyn.

Paul Brackman, Clayton, Guardian ad Litem for respondent, Ginny Sue Wright.

STOCKARD, Commissioner.

Mrs. Nettie C. Bruce executed her last will and testament on February 6, 1954. At that time she owned 10,258 shares of the common stock of Ralston Purina Company which had a par value of $25 per share. On January 9, 1957 the Articles of Incorporation of Ralston Purina Company were amended whereby the authorized shares of common stock were increased from 1,600,000 shares having a par value of $25 per share to 8,000,000 shares having a par value of $5 per share. At the time

of this five-for-one stock split Mrs. Bruce owned 10,205 shares, and she received from Ralston Purina Company a certificate for 40,820 additional shares of common stock. Her total holdings then were 51,025 shares, and this was the number of shares she owned at the time of her death on March 7, 1958.

In the third clause of her will Mrs. Bruce made 40 separate bequests of a stated number of shares of the common stock of Ralston Purina Company to named individuals, and in the fourth clause she made bequests of a stated number of shares to six different organizations. These bequests totaled 4,190 shares of stock. The bequest to plaintiff-respondent was as follows: "I give to Shriners Hospital for Crippled Children, now located at 700 South Kingshighway Boulevard, St. Louis, Missouri, two hundred (200) shares of common stock of Ralston Purina Company." The will contained a residuary clause whereby all the "rest, residue and remainder" of the estate was bequeathed in equal shares to such or all of fifteen named persons who survived the testatrix each of whom was also designated in the third clause of the will to receive a bequest of a stated number of the shares of the common stock of Ralston Purina Company. One of the coexecutors of the will was Charles A. Renard who received a bequest in the third clause of 200 shares of stock and who was also named as one of the fifteen residuary legatees.

The executors tendered to plaintiff-respondent 200 shares of the common stock of Ralston Purina Company having a par value of $5 per share in full satisfaction of the bequest in the will. Suit was then brought by plaintiff-respondent for a declaratory judgment, to which all persons and organizations having an interest under the will were made parties, to obtain a declaration of rights under the will. The trial court entered judgment that plaintiff-respondent "is entitled to receive 1,000 shares of the common stock of the Ralston-Purina Company, * * * in satisfaction of the bequest to [it] of 200 shares of the

common stock of the Ralston-Purina Company, as such stock was constituted on the date of the execution of said will." In the judgment similar orders were made as to the other organizations and persons designated in the third and fourth clauses of the will to receive bequests of a stated number of shares of the common stock of Ralston Purina Company. All the residuary legatees, except Charles A. Renard, have appealed.

■ It is frequently said that the rights of a legatee under a will are determined by the character of the legacy, that is, whether specific, general or demonstrative. Section 474.430 RSMo 1959, V.A. M.S. provides that the courts "shall have due regard to the directions of the will, and the true intent and meaning of the testator," and "fundamentally and always" the paramount rule in construing wills is the ascertainment of the intent of the testator, which is to be determined, when possible, by a consideration of the will as a whole, Hereford v. Unknown Heirs, etc., of Tholozan, 365 Mo. 1048, 292 S.W.2d 289, 293; Buder v. Stocke, 343 Mo. 506, 121 S.W.2d 852, and not merely from those provisions creating the particular gift. In re Shearer's Estate, 346 Pa. 97, 29 A.2d 535; Morrow v. Detroit Trust Co., 330 Mich. 635, 48 N.W.2d 136. A specific legacy is defined as "a gift of a specific thing, or of some particular portion of the testator's estate, which is so described by the testator's will as to distinguish it from other articles of the same general nature." 4 Page, Wills § 1394; In re Bernheimer's Estate, 352 Mo. 91, 176 S.W.2d 15; Waters v. Hatch, 181 Mo. 262, 79 S.W. 916; Fidelity Nat. Bank & Trust Co. v. Hovey, 319 Mo. 192, 5 S.W.2d 437, 73 A.L.R. 1228. In this case a determination of the intention of the testatrix, if that is possible from the language of the will, as to whether the legatees named in the third and fourth clauses of the will are to receive the equivalent of the stated number of shares of stock with a par value of $25, or only the stated number of shares of stock with a

par value of $5, will result in a determination of whether the testatrix intended the bequests to be specific or general.

█ A stock split, such as we have here, is a mere change in form of the stockholder's interest in the company and not a change in the substance of the property. Adams v. Conqueror Trust Co., 358 Mo. 763, 217 S.W.2d 476, 481, 7 A.L.R.2d 268. Appellants admit, or at least they do not dispute the proposition, that a determination that the challenged bequests are specific results in the named legatees receiving their proportionate share of the increased number of shares of stock resulting from the stock split. The fact that the additional shares of stock acquired by the testatrix by reason of such a stock split "pass under a specific bequest of the original shares, is too well settled for contradiction." In re Vail's Estate, Fla., 67 So.2d 665, 667. See also Waters v. Hatch, supra; In re Largue's Estate, 267 Mo. 104, 183 S.W. 608; Fidelity Nat. Bank & Trust Co. v. Hovey, supra; Lansdale v. Dearing, 351 Mo. 356, 173 S.W.2d 25, 147 A.L.R. 728; Adams v. Conqueror Trust Co., supra; In re Parker's Estate, Fla.App., 110 So.2d 498; In re Wilson's Estate, 260 Pa. 407, 103 A. 880, 6 A.L.R. 1349, 1353; In re Griffing's Will, 11 A.D.2d 709, 1032, 204 N.Y.S.2d 850, 207 N.Y.S.2d 1003; In re Hicks' Will, 272 App. Div. 594, 74 N.Y.S.2d 246; Clegg v. Lippold, Ohio Prob., 123 N.E.2d 549; In re Martin's Will, 252 N.Y. 582, 170 N.E. 151; First Nat. Bank of Boston v. Charlton, 281. Mass. 72, 183 N.E. 250; 57 Am.Jur. Wills, § 1593; 43 Iowa Law Review at p. 504, and the cases there cited.

██ There has been a historical tendency of courts to look with some disfavor on specific legacies. 4 Page, Wills § 1392. In Fidelity Nat. Bank & Trust Co. v. Hovey, supra [319 Mo. 192, 5 S.W.2d 442], reference is made to a "judicial bias against specific legacies." This is more pronounced in those cases where there is a gift by will of securities when ademption by extinction is in issue, apparently on the

theory that the testator wanted the gift to be effective. The result has been for the courts to state that as a general rule gifts of securities in the form of corporate stock or bonds are general bequests, In re Bernheimer's Estate, supra; 2 Jarman, Wills p. 1076, "unless the will of the testator, construed from its four corners, makes it reasonably clear that a special or specific bequest was intended." Fidelity Nat. Bank & Trust Co. v. Hovey, supra; First Nat. Bank of Boston v. Charlton, supra. The result is that the issue of whether a bequest of securities in the form of corporate bonds or stocks is special or general is decided upon the particular facts of each case, and as one judge said in considering a case involving this question, the reported cases are "full of bewildering refinements and contradictions." Matter of Hastings, Sur. Ct., N.Y., 6 Dem. 307, 312. It was suggested in Clegg v. Lippold, supra, that the courts should re-examine the nature of a bequest of stock in the surroundings of the modern business world, and in some respect this has been done. As stated In re Largue's Estate, supra [267 Mo. 104, 183 S.W. 610], "Many of the courts of last resort * * * have broken away from the arbitrary and ironclad English rule * * and construe legacies as *specific,* when bank stock or other stock is disposed of, * * * where the will upon its face fairly discloses the intention of testator to make a specific bequest." In the bequest of corporate stocks, "any word or circumstance sufficiently designating and separating them may be sufficient to show that a bequest of them was intended as specific." In re Bernheimer's Estate, supra [352 Mo. 91, 176 S.W.2d 20]. While we do not need to go so far in this case, the courts have said that "A very slight indication of an intention to give shares in testator's ownership at the time of the making of a will is sufficient to make the legacy specific." In re Hicks' Will, 272 App.Div. 594, 74 N.Y.S. 2d 246, 248; In re Mitchell's Estate, 114 Misc. 370, 186 N.Y.S. 666, 667; Thayer v. Paulding, 200 Mass. 98, 85 N.E. 868, 869; In the Matter of Security Trust Co. of

Rochester, 221 N.Y. 213, 116 N.E. 1006, 1007.

■ The common stock of the Ralston Purina Company constituted 86% of the estate of the testatrix and 87% of all the personal property. From the language of the will and the fact that she made 46 separate bequests of a stated number of shares of the common stock to various individuals and organizations either directly or contingently, some of which were coupled with specific bequests of items of personal property, and then provided for the residue of her estate to go to those of a group of 15 persons who survived her, it is evident that the testatrix made a calculated and planned disposition of her entire estate the majority of which consisted of the common stock of the Ralston Purina Company. It is evident that she did not intend to bequeath to the named legatees a monetary interest, but that she intended those named to receive the specific items designated, which she then owned, whether those items consisted of a stated number of the shares of common stock of Ralston Purina Company or of her "sterling silver toilet set," her set of "Fiesta orange colored china," her "clothing," or her "platinum and ruby ring," all of which, among other items, were specifically mentioned in bequests to some of the persons who received a stated number of shares of stock. When a testator "owns sufficient stock at such time [when he made the will] to satisfy the bequest he undoubtedly intends to give the shares in his possession to the legatee." 43 Iowa Law Review at p. 471. In addition, "Courts have recognized the rule that there is a presumption that the testator intended a gift to be specific when that gift is closely associated in the will with other gifts that are clearly specific to the same legatee." Sherman v. Riley, 43 R.I. 202, 110 A. 629, 632; In re Hart's Will, 205 Misc. 916, 128 N.Y.S.2d 833; Butler v. Dobbins, 142 Me. 383, 53 A.2d 270, 172 A.L.R. 361; In re Hicks' Will, supra; Vogel v. Saunders, 68 App.Div. 31, 92 F.2d 984.

The intent of the testatrix that the bequests of stock in this case be specific is evidenced in another manner. In paragraph B of the fourth clause she gave 25 shares of common stock to the High Ridge Fire Association "to be sold by said association and the proceeds are to purchase fire fighting equipment." In paragraph 39 of the third clause she gave Dr. William L. Nelson "a gold watch which formerly belonged to my husband" and 200 shares of common stock "and if he wishes, he may use this bequest of stock, or any portion thereof, for any charitable purpose or purposes that he may wish, but I make no restriction or condition of any sort whatsoever upon this bequest of stock to him." It is clear that the testatrix intended by these bequests that the legatees receive the stated shares of stock she then owned.

The most important indication of the intent on the part of the testatrix is evidenced by her treatment of her residuary estate. After making the bequests of a stated number of shares of the common stock of Ralston Purina Company, she then provided that all inheritance, estate, transfer or succession taxes assessed against her estate or against any gift or bequest should be paid out of the residuary estate. See Cramer v. Cramer, 35 Misc. 17, 71 N.Y.S. 60; In re Dreyfus' Estate, 192 Misc. 509, 82 N.Y.S.2d 548; and In re Davis' Will, 184 Misc. 952, 57 N.Y.S.2d 356, where such a clause was held to indicate an intention on the part of the testator to have a bequest of corporate stocks to remain intact and therefore to be a specific bequest. The testatrix named as residuary legatees 15 persons, all of whom had previously been designated to receive a stated number of shares of the common stock of Ralston Purina Company. She thereby clearly differentiated between the general bequest to these 15 persons as residuary legatees and the bequests to them of a stated number of shares of stock. If the testatrix had not intended to give these persons the precise shares of common stock in Ralston Purina Company which she then owned

there was no occasion to make the bequests to them in the third clause, but it would have been sufficient to name them only as residuary legatees and to specify the percentage of participation.

Appellant contends that a bequest of corporate stock can be specific only when the testator bequeaths the exact number or a stated part of shares of stock he then owns. This argument was disapproved in Fidelity Nat. Bank & Trust Co. v. Hovey, supra, where it was said that "We do not consider such circumstance [that testator owned a greater number of shares than he bequeathed] as conclusive, or convincing, that testator intended the bequest to be * * * general rather than special and specific." Appellants also argue that the absence of a reference by the testatrix to "my stock" or to the "stock I now own" indicates an intent that the bequests are general. This was stated to be a "remarkable distinction" in Norris v. Executors of John R. Thomson, 15 N.J.Eq. 493, 495, and while the use of such possessory words have been held to indicate an intent to bequeath specific shares of stock, the absence of such words do not necessarily result in the bequest being general when the intent of the testator is otherwise expressed, at least in Missouri. In re Largue's Estate, supra. See also Griffith v. Adams, 106 Conn. 19, 137 A. 20; Desoe v. Desoe, 304 Mass. 231, 23 N.E.2d 82; Jewell v. Appolonio, 75 N.H. 317, 74 A. 250.

■■ Appellants also say that a will "speaks" only as of the time of the death of the testator, and that when you apply the language of the will to the property owned by Mrs. Bruce at the time the will "speaks," the legatees were entitled to the stated number of shares with a par value of $5. However, "As to a specific bequest * * * it is well established that a will speaks as of the time of its execution and the will is not ambulatory as to the meaning of the language used relating to such a bequest." Lansdale v. Dearing, [351 Mo. 356, 173 S.W.2d 29] supra. When it is necessary to determine what property the testator intended to bequeath specifically, the description employed by the testator is applied to the property as of the date of the will. Hurt v. Davidson, 130 Fla. 822, 178 So. 556, 557; In re Vail's Estate, Fla., supra. Appellants also argue that it was the intent on the part of Mrs. Bruce that the named legatees receive the stated number of shares of stock with a par value of $5 because she had 14 months from the time of the stock split until her death to change her will and she did not do so. This precise argument was considered in Fidelity Title & Trust Co. v. Young, 101 Conn. 359, 125 A. 871, 874, and it was there said: "As to the argument derived from the testator's failure to change his will after the par value of the stock was reduced, it is enough to say that, if we have correctly interpreted the testator's original intent, he might well suppose there was no occasion to make any change."

When we consider the will in its entirety, it is evident that the testatrix intended that the persons and organizations named in the third and fourth clauses of her will were to receive the stated number of shares of the common stock of Ralston Purina Company which she then owned, and this results in the bequests being specific. The subsequent stock split was a change only in form or description of the property which was described in the bequests. Therefore, the legatees named in the third and fourth clauses were entitled to the additional shares resulting from the stock split because that is the only way in which the obvious and clearly expressed intent of the testatrix can be carried into effect.

The judgment is affirmed.

BOHLING and BARRETT, CC., concur.

PER CURIAM.

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All concur.